UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

In re: Fifth Third Early Access
Cash Advance Litigation

Case No. 1:12cv851
Judge Michael R. Barrett

## OPINION & ORDER

This matter is before the Court upon Plaintiffs' Rule 54(b) Motion for Entry of Final Judgment. (Doc. 101). Defendant Fifth Third has filed Response in Opposition (Doc. 102) and Plaintiffs filed a Reply (Doc. 105). Defendant was then permitted to file a Sur-Reply. (Doc. 107).

This putative class action centers on Defendant's Early Access Cash Advance loan program. The program allowed customers to get a cash advance on their next direct deposit. The program's Terms & Conditions and the monthly statements sent to customers stated that the "Annual Percentage Rate" is 120%. Plaintiffs claim that the APR was only 120% for advances which were repaid in thirty days.

On March 30, 2015, the Court entered an Opinion and Order granting in part and denying in part Defendant's Motion to Dismiss. (Doc. 89). In that Order, the Court denied Defendant's Motion as to Plaintiffs' claims for violations of the Truth in Lending Act ("TILA"), 15 U.S.C. 1601 *et seq.*, but dismissed Plaintiffs' remaining seventeen claims, including their claims for breach of contract. After that decision, the parties engaged in extensive Court-mediated settlement discussions. On October 10, 2016, the parties entered a preliminary Memorandum of Understanding to settle the matter. However,

subsequent discovery showed that the contract damages were multiples higher than originally estimated. Despite additional rounds of settlement discussions, Plaintiffs did not proceed with the proposed class settlement.

Plaintiffs explain that the contract claim damages are exponentially higher than the potential TILA damages due to TILA's statutory caps.[1] Plaintiffs' maintain that appellate review of the dismissed breach of contract claim would facilitate resolution of this action. Plaintiffs have represented to the Court that if their Rule 54(b) motion is granted, they will only appeal the Court's ruling on their contract claims, and not the dismissal of their remaining claims. (Doc.105, PAGEID #1312). Defendant argues that if Plaintiffs are permitted to appeal now, it could result in increased briefing and court resources if the TILA claim was later tried, lost, and then made part of a second appeal.

Rule 54(b) of the Federal Rules of Civil Procedure provides: "When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Therefore, "the rule permits immediate appellate review of a district court's judgment even though the lawsuit contains unresolved claims." *GenCorp, Inc. v. Olin Corp.*, 390 F.3d 433, 442 (6th Cir. 2004) (citing *Gen. Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1026 (6th Cir. 1994)). Rule 54(b) "is intended 'to strike a balance between the undesirability of more than one appeal in a single action and the need for making review available in multiple-party or

---

[1] Because Plaintiffs' claims are brought as part of a class action, TILA places limits on the total amount of damages. 15 U.S.C. § 1640(a)(2)(B).

multiple-claim situations at a time that best serves the needs of the litigants.'" *U.S. Citizens Ass'n v. Sebelius*, 705 F.3d 588, 596 (6th Cir. 2013) (citing *Good v. Ohio Edison*, 104 F.3d 93, 95 (6th Cir. 1997)). Rule 54(b) should not be used routinely, but reserved for the infrequent case where certification serves the interests of justice and judicial administration. *Knafel v. Pepsi Cola Bottlers of Akron, Inc.*, 850 F.2d 1155, 1159 (6th Cir. 1988) (citations omitted).

To comply with Rule 54(b), this Court must follow a two-step process: "First, the district court must expressly direct the entry of final judgment as to one or more but fewer than all the claims or parties in a case. Second, the district court must expressly determine that there is no just reason to delay appellate review." *EJS Properties, LLC v. City of Toledo*, 689 F.3d 535, 537 (6th Cir. 2012) (quoting *Gen. Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1026 (6th Cir. 1994)).

The parties do not dispute that this Court directed the entry of final judgment on Plaintiffs' breach of contract claims. Instead, their dispute centers on whether the contract claims and the TILA claim should be considered a single "claim." In *Lowery v. Federal Express Corp.*, the Sixth Circuit explained:

> "[e]ven though different theories of liability may have been asserted, the concept of a 'claim' under Rule 54(b) denotes 'the aggregate of operative facts which give rise to a right enforceable in the courts.'" *McIntyre v. First Nat'l Bank of Cincinnati*, 585 F.2d 190, 192 (6th Cir. 1978) (citations omitted). In *McIntyre*, the plaintiff alleged federal and state causes of action arising out of the same events. The federal claims were tried first, judgment was entered, and the order was certified for immediate appeal under Rule 54(b). This court dismissed the appeal, concluding that the state and federal causes of action should be considered a single claim for purposes of Rule 54(b) because they arose out of the same aggregate of operative facts. *Id.* at 191–92.

426 F.3d 817, 821 (6th Cir. 2005). Under this analysis, the Sixth Circuit held that Rule

3

54(b) certification was improper on a dismissed Title VII claim when a state-law breach-of-contract claim stemming from the same acts of retaliation allegation remained pending. *Id*.

In contrast, in *GenCorp, Inc. v. Olin Corp.*, the Sixth Circuit held that a CERCLA liability claim was separate from an insurance contribution claim:

> Olin's contribution claim arises under CERCLA while GenCorp's contract claim arises under state law governing contractual rights and fiduciary responsibilities. The claims also do not share a single "aggregate of operative facts." Olin's CERCLA claim arises from the disposal of hazardous waste at the Big D landfill, while GenCorp's claim arises out of Olin's alleged duty to insure for risks related to the TDI Plant. Nor does the fact that Olin's recovery on its claim could be set off in full or in part by GenCorp's recovery on its claim impede the separability of these claims for appeal purposes. *See Curtiss–Wright*, 446 U.S. 1, 100 S.Ct. 1460, 64 L.Ed.2d 1 (reversing court-of-appeals determination that certification of claim was improper because pending counterclaim could ultimately provide set-off to liability).

390 F.3d at 442.

The Court finds that the differences in the operative facts necessary to give rise to Plaintiffs' contract claims and the TILA claim "sufficiently outweigh what they have in common." *U.S. Citizens Ass'n v. Sebelius*, 705 F.3d 588, 595 (6th Cir. 2013) (quoting *Planned Parenthood Sw. Ohio Region v. DeWine*, 696 F.3d 490, 502 (6th Cir. 2012)).

TILA "requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates and the borrower's rights." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412, (1998). Plaintiffs' TILA claim stems from Defendant's reliance on a thirty-day term to express the APR. Plaintiffs claim Defendant's disclosure was misleading and constituted a failure to provide the best information available to help consumers compare the costs associated with

4

Defendant's program to other available products. (See Doc. 89, PAGEID # 1185).

Plaintiffs' contract claims are based on the terms of the agreement, and whether Defendant breached those terms. Plaintiffs claim that Defendant breached the agreement by charging APRs in excess of 120%. In dismissing Plaintiffs' contract claims, this Court concluded that while the 120% APR may be misleading because not every transaction is paid in twelve cycles, the Terms & Conditions are unambiguous in their explanation as to the method for calculating the APR. (Doc. 89, PAGEID # 1192). The Court pointed out that the Terms & Conditions state the transaction fee to be charged is 10% for each dollar advanced; and also explains the APR "is calculated by dividing the transaction fee by the Advance amount and multiplying the quotient by the number of statement cycles within a year." (Id.)

Therefore, the TILA claim arises out of the required disclosures under the statute and targets the harm to consumers. In order to prevail on a TILA claim for statutory damages and attorney's fees, a consumer does not need to show that he or she "suffered actual monetary damages" or that she "was actually misled or deceived." *Purtle v. Eldridge Auto Sales, Inc.*, 91 F.3d 797, 800 (6th Cir. 1996). The contract claims arise out of the terms of the agreements between Plaintiffs and Defendant and whether Defendant breached those agreements. "Because each count involves distinct facts relating to separate injuries, each count is a separate claim for purposes of Rule 54(b)." *Planned Parenthood Sw. Ohio Region v. DeWine,* 696 F.3d 490, 502 (6th Cir. 2012).

The second requirement of Rule 54(b)—that the district court determine that there is no just reason for delay—requires consideration of "judicial administrative interests as well as the equities involved." *Lowery*, 426 F.3d at 821 (quoting *Curtiss-Wright Corp. v.*

*Gen. Elec. Co.*, 446 U.S. 1, 8, 100 S. Ct. 1460, 64 L. Ed. 2d 1 (1980)). In making this determination, this Court is "required to consider a nonexhaustive list of factors, such as: (1) the relationship between the adjudicated and non-adjudicated claims; (2) the possibility that the need for appellate review might become moot due to future developments in the district court; (3) the possibility that the appellate court might be required to hear the same issue twice; (4) the presence or absence of a claim or counterclaim that might result in a set-off against the final judgment; and (5) other miscellaneous factors, including 'delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.'" *U.S. Citizens Ass'n v. Sebelius*, 705 F.3d 588, 596 (6th Cir. 2013) (quoting *Corrosioneering, Inc. v. Thyssen Envtl. Sys., Inc.*, 807 F.2d 1279, 1283 (6th Cir. 1986)).

Here, the adjudicated contract claims and unadjudicated TILA claims are independent of one another. There is no possibility that the need for review might be mooted by future developments in this Court. There is little to no factual dispute in this case. This Court interpreted the Terms & Conditions and found Defendant had not breached those terms. There is no possibility that the reviewing court might be obliged to consider the same issue a second time. The contract claims turn on a question of law which is separate from the requirements of TILA. The issues decided in any interlocutory appeal would be different from the issues decided in an appeal after judgment. With regard to set off, the parties have not identified the presence or absence of a pending claim or counterclaim which could result in a set-off against the judgment made final by the district court.

Finally, as to the miscellaneous factors, the Supreme Court has noted that the

possibility of settling a claim may tip the balance in favor of a partial final judgment under Rule 54(b). *Curtiss–Wright*, 446 U.S. at 8 n. 2, 100 S.Ct. 1460. While the possibility of settlement is a consideration, Rule 54(b) certification should not be used as a vehicle to leverage a settlement without regard to the undesirability of piecemeal appeals. *Lowery*, 426 F.3d at 823. The Court recognizes that Plaintiffs have remained steadfast in their position that this Court was incorrect in its ruling on their breach of contract claims. (See Doc. 92). Plaintiffs filed a Motion for Reconsideration directed at the Court's ruling, but that motion was dismissed as moot by the Court based on the parties' settlement discussions. (Doc. 98). The Court notes that if a judgment on the breach of contract claims would facilitate the settlement of the case, it serves efficient judicial administration by conserving judicial time and limited litigation expenses. The Court concludes these factors weigh in favor of granting Rule 54(b) certification. The Court finds no just reason for delay.

Accordingly, Plaintiffs' Rule 54(b) Motion for Entry of Final Judgment is **GRANTED**. (Doc. 101) is **GRANTED**. This matter shall be stayed pending appeal.

**IT IS SO ORDERED.**

                                                      */s/ Michael R. Barrett*
                                                  Michael R. Barrett, Judge
                                                  United States District Court