UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| In re: Fifth Third Early Access Cash Advance Litigation | Case No. 1:12-cv-00851-MRB<br><br>Judge Michael R. Barrett |

**FIFTH THIRD BANK'S MOTION FOR CLASS-ACTION TRIAL PLAN**

Fifth Third respectfully moves pursuant to Federal Rule of Civil Procedure 42(b) for a class action trial plan. The Court's Opinion & Order on class certification concluded that certain issues could be decided on a class-wide basis and others could not be. Doc. 150, at PAGEID #2393. To address these distinct types of issues, Fifth Third proposes that this Court bifurcate the matter into two phases. The resolution of the class-wide issues (phase one) does not require discovery of the many absent class members and, potentially, could resolve the entire matter. Discovery and trial of the individual issues for every class member (phase two) is potentially quite burdensome on all parties and also potentially unnecessary, depending on the resolution of phase one.

Although Plaintiffs have informed Fifth Third that they oppose this bifurcation, they previously told this Court that discovery pertaining to individualized issues is "premature." Joint Request to Set Supplemental Calendar Order, Doc. No. 154, at PAGEID #2414–2418. Yet, Plaintiffs have served Fifth Third with multiple Interrogatories and Requests for Production concerning individualized issues pertinent to the claims of absent class members.[1] Thus, the

---

[1] *See* Plaintiffs' Request for Production No. 59 (seeking documents pertaining to bankruptcy defenses as to absent class members); Plaintiffs' Interrogatory No. 21 (voluntary payment doctrine); *id.* at No. 23 (similar); Plaintiffs' Request for Production No. 57 (similar); *id.* at No. 58 (similar).

question of bifurcation is ripe. Bifurcation will permit the Court to efficiently and effectively adjudicate the Plaintiffs' claims while honoring Fifth Third's constitutional rights to litigate fully each of its defenses to each class member's claims. *See, e.g.*, *Bais Yaakov of Spring Valley v. ACT, Inc.*, No. 20-1537, 2021 WL 3855656, at *6 (1st Cir. Aug. 30, 2021); *In re Rail Freight Fuel Surcharge Antitrust Litig. - MDL No. 1869*, 934 F.3d 619, 625–27 (D.C. Cir. 2019); *In re Asacol Antitrust Litig.*, 907 F.3d 42, 52 (1st Cir. 2018). We explain.

## BACKGROUND

On March 26, 2021, this Court certified two classes of plaintiffs: (i) a breach of contract class, which includes those customers who enrolled in the Early Access (EAX) Program prior to May 1, 2013, and participated in the program at least once; and (ii) a Truth-in-lending Act (TILA) class, which includes those customers that enrolled in the EAX Program between August 3, 2011, and April 30, 2013. *See* Doc. No. 150, at PAGEID #2395. Central to the Court's certification analysis was its conclusion that several questions common to all plaintiffs may be subject to common resolution. Nevertheless, the Court recognized that other issues may require individualized fact finding. *See* Doc. No. 150, at PAGEID #2393 (noting that "[a] class may be certified based on a predominant common issue *even though other important matters will have to be tried separately*, such as damages or some affirmative defenses peculiar to some individual class members" (emphasis added) (citation omitted)).

Based on the Court's class certification ruling, the questions that may be capable of class-wide resolution either summarily or via a contested trial include:[2]

    a. the meaning of disputed provisions in the EAX contract;

    b. whether Fifth Third breached the contract by charging EAX customers a flat 10% fee for each advance;

---

[2] Fifth Third does not waive its arguments, as articulated in opposition to Plaintiffs' motion for class certification, that class certification is inappropriate as to any issue. *See generally* Doc. No. 138.

2

    c. whether Fifth Third's removal of the APR disclosure from the contract documents cuts off any claim;

    d. whether Fifth Third's APR disclosure violated TILA;

    e. whether there is a legal basis for any class members to recover damages; and

    f. if so, the proper method for calculating any damages.

*See* Doc. No. 150, at PAGEID #2385–2386.

    Similarly, at least one affirmative defense—the voluntary payment doctrine—may be subject to resolution on a class-wide basis. *See also* Plaintiffs' Reply in support of Class Certification, Doc. No. 144, at PAGEID #2312 (asserting that the voluntary payment doctrine will be resolved on "a class-wide basis"). The voluntary payment doctrine provides that "[i]n the absence of fraud, duress, compulsion or mistake of fact, money, voluntarily paid by one person to another on a claim of right to such payment, cannot be recovered merely because the person who made the payment mistook the law as to his liability to pay." *State ex rel. Dickman v. Defenbacher*, 86 N.E.2d 5, 7 (Ohio 1949); *see Salling v. Budget Rent-A-Car Sys., Inc.*, 672 F.3d 442, 444–45 (6th Cir. 2012). As applied to contract claims, the doctrine holds that "[a] payment made by reason of a wrong construction of the terms of a contract is not made under a mistake of fact, but under a mistake of law, and if voluntary cannot be recovered back." *Budget Rent-A-Car*, 672 F.3d at 445. This Court's opinion accordingly recognized the potential applicability of the voluntary payment doctrine, *see* Doc. No. 150, at PAGEID #2392–2393, while concluding that the presence of the defense did not preclude class certification.

    Although the voluntary payment doctrine might be an individualized issue if there were a basis to argue that class members did not understand what they were paying, the evidence gathered to date amply shows that each plaintiff, as a matter of law, voluntarily agreed to pay Fifth Third one dollar for every ten dollars borrowed. Thus, even if there was a breach of the EAX contract, no

plaintiff would be entitled to recover the money they voluntarily paid to Fifth Third. *See Budget Rent-A-Car*, 672 F.3d at 445. That would remain the case even if one assumes the contract capped the transaction fee at 120% APR, as Plaintiffs contend. *See* Doc. No. 144, at PAGEID #2308 (alleging Fifth Third "promised a $1 for $10 finance charge that was capped at 120% APR"). The voluntary payment doctrine applies even if the overpayment was "made by reason of a wrong construction of the terms of a contract." *Budget Rent-A-Car*, 672 F.3d at 445. Thus, even if the contract were to be read as Plaintiffs urge it to be, the evidence to date strongly suggests that each plaintiff was fully aware of all pertinent facts before paying Fifth Third and, therefore, cannot recover.

In addition to the above questions of fact that may be capable of class-wide resolution, several additional fact issues necessarily require individualized determinations. The Court, for instance, will need to make individualized determinations as to (1) the extent to which individual plaintiffs are judicially estopped from recovering because they asserted they had no outstanding claims when they filed for bankruptcy, and (2) the extent to which individual plaintiffs lack standing to recover damages because they failed to declare their claim when they filed for bankruptcy. *See Gawry v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 942, 956 (N.D. Ohio 2009). These issues are "not necessarily . . . complex," but nonetheless "cannot be resolved without examining the specific details of the bankruptcy proceedings for each putative class member who filed for bankruptcy." *Id.*; *see also Kimberlin v. Dollar Gen. Corp.*, 520 F. App'x 312, 314 (6th Cir. 2013) (judicial estoppel turns, in part, on whether "the debtor's omission [resulted] from mistake or inadvertence," two fact-intensive inquiries).

In addition, Plaintiffs' articulation of the voluntary payment doctrine, if accepted by the Court, may require that issue to be litigated individually. As noted above, the voluntary payment defense could be resolved in Fifth Third's favor as a matter of law on a class-wide basis. But if it is not, Fifth Third retains the right to convince the trier of fact that individual plaintiffs are precluded

4

from recovering because, based on their individual facts and circumstances, they personally are subject to the voluntary payment doctrine. *See Gawry*, 640 F. Supp. 2d at 957 (noting that the court would need to consider "individualized evidence as [to] the circumstances surrounding payment for each . . . class member" to address the defense). Fifth Third will need to take discovery concerning each of the unnamed class members to fully and fairly litigate these issues, just as Fifth Third has done with regard to the named plaintiffs.

## ARGUMENT

Because this case will require the Court, and potentially the jury, to resolve multiple class-wide and individualized issues, bifurcating these proceedings into phases is appropriate and efficient. Bifurcated proceedings are common in class action litigation. In this case, bifurcation is the simplest and most efficient way of resolving the disputed issues consistent with the Seventh Amendment's jury trial guarantee and each litigant's due process rights. *See* Fed. R. Civ. P. 42(b) ("For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims.").[3]

The Seventh Amendment guarantees that factual findings in common law contract suits for damages are to be resolved by a jury. *See* U.S. Const. amend. VII. The Due Process Clause guarantees defendants an opportunity to litigate each claim as to each plaintiff. U.S. Const. amend. V; *see, e.g.*, *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 192 (3d Cir. 2001) ("[D]efendants have the right to raise individual defenses against each class member."); *W. Elec. Co. v. Stern*, 544 F.2d 1196, 1199 (3d Cir. 1976) (denying defendant in class action "the right to present a full defense on the issues would violate due process"); *Jacob v. Duane Reade, Inc.*, 293 F.R.D. 578, 589

---

[3] *See also In re Bendectin Litig.*, 857 F.2d 290, 308 (6th Cir. 1988) (noting that "Rule 42(b) is sweeping in its terms and allows the court, in its discretion, to grant a separate trial of any kind of issue in any kind of case" (citation omitted)).

5

(S.D.N.Y. 2013) ("[D]ue process concerns imbue defendants with the right to defend each claim when damages are too individualized."). That this case is a class action in no way diminishes these rights: Fifth Third "is entitled to individualized determinations of each" plaintiff's right to collect damages in this dispute. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 366 (2011); *see also Cimino v. Raymark Indus., Inc.*, 151 F.3d 297, 312 (5th Cir. 1998) ("[T]he applicability of the Seventh Amendment is not altered simply because the case is [a] Rule 23(b)(3) class action."). Fifth Third "must be offered the opportunity to challenge *each class member's* proof that [it] is liable to that class member." *In re Asacol*, 907 F.3d at 55 (emphasis added).

Bifurcation is an efficient way of addressing class action disputes while honoring each litigant's Seventh Amendment and Due Process rights. In a bifurcated trial, all issues common to the class as well as all individualized issues pertinent to the named plaintiffs are tried first followed by (if necessary) separate proceedings that address all remaining individualized issues. *See* Manual for Complex Litigation, Federal Judicial Center § 21.5, p.306 (2004) ("In jury cases, the court may consider trying common issues first, preserving individual issues for later determination."); *id.* § 22.756, p.434 (suggesting development of a "trial plan" to "address individual issues, such as" causation, damages, and defenses). Many courts have either used or approved of bifurcated proceedings. *See, e.g., Hicks v. State Farm Fire & Cas. Co.*, 965 F.3d 452, 460 (6th Cir. 2020) (class could be certified "even though other important matters will have to be tried separately, such as damages or some affirmative defenses peculiar to some individual class members" (citation omitted)); *In re Visa Check/MasterMoney Antitrust Litig.*, 280 F.3d 124, 141 (2d Cir. 2001) (Sotomayor, J.,) (discussing "a number of management tools available to a district court to address any individualized damages issues that might arise in a class action, including . . . bifurcating liability and damage trials with the same or different juries"), *abrogated on other grounds by In re Initial Pub. Offerings Sec. Litig.*, 471 F.3d 24 (2d Cir. 2006); *see also* Jury-Trial Right in Class Actions, 7B Fed. Prac. & Proc.

6

Civ. § 1801 (3d ed.) (recognizing bifurcated trials as one way of preserving a litigant's Seventh Amendment right while nonetheless ensuring the dispute remains manageable).[4] Indeed, this Court's class certification order anticipated that bifurcated proceedings may be appropriate: It cited *Hicks* for the proposition that class certification may be appropriate "*even though other important matters will have to be tried separately.*" Doc. No. 150, at PAGEID #2393 (emphasis added).

Bifurcated proceedings would "expedite and economize" this litigation. Fed. R. Civ. P. 42(b); *see also* Fed. R. Civ. P. 23(c)(4) ("When appropriate, an action may be brought or maintained as a class action with respect to particular issues."). As outlined above, several common questions of fact are capable of being resolved on a class-wide basis either summarily or at trial. Any number of these class-wide issues, if decided in Fifth Third's favor, may moot the remaining issues in this case.[5] To the extent issues remain, they will need to be resolved either by the Court or by a jury.[6] In these circumstances, a two-phase approach is appropriate. In the first phase, discovery, pre-trial motions practice, and (if necessary) trial, should be limited to the common issues and individualized issues pertinent to the named plaintiffs. To the extent issues remain for the unnamed class members after the phase-one issues are resolved, additional, targeted discovery followed by smaller, and more

---

[4] Other instances where courts either bifurcated proceedings or looked approvingly on the practice include *Jinro Am. Inc. v. Secure Investments, Inc.*, 266 F.3d 993, 998 (9th Cir.), *amended on other grounds on denial of reh'g*, 272 F.3d 1289 (9th Cir. 2001); *Yung v. Raymark Indus., Inc.*, 789 F.2d 397, 401 (6th Cir. 1986); *Bradley v. City of Cleveland*, No. 1:11-cv-781, 2012 WL 775081, at *2–3 (N.D. Ohio Mar. 7, 2012); *In re Copley Pharm., Inc.*, 161 F.R.D. 456, 468–70 (D. Wyo. 1995).

[5] *See Kamakahi v. Am. Soc'y for Reprod. Med.*, 305 F.R.D. 164, 194 (N.D. Cal. 2015) ("[T]here may be no need to adjudicate damages—the parties might settle, or Defendants might prevail at the violation phase and be entitled to judgment. Time will tell. The question of how damages and injury-in-fact should be adjudicated is reserved until the violation phase is complete.").

[6] *See Nelson v. Am. Power & Light*, No. 2:08-cv-549, 2010 WL 3219498, at *14 (S.D. Ohio Aug. 12, 2010); *Edwards v. Danka Indus., Inc.*, No. 3:03-0575, 2006 WL 8458062, at *5 (M.D. Tenn. Oct. 17, 2006); *Montgomery Ward & Co. v. Williams*, 47 N.W.2d 607, 612 (Mich. 1951); 1 Ohio Jury Instructions (Civil) 501.33 (2020).

manageable individualized proceedings can address them.

## CONCLUSION

For the foregoing reasons, Fifth Third respectfully requests that this Court implement a bifurcated trial plan.

Dated: September 30, 2021

Respectfully submitted,

/s/ Enu A. Mainigi
Enu A. Mainigi (*pro hac vice*)
Kenneth C. Smurzynski (*pro hac vice*)
Craig D. Singer (*pro hac vice*)
Amy B. McKinlay (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Tel. (202) 434-5000
Fax (202) 434.5029
Email: emainigi@wc.com
ksmurzynski@wc.com
csinger@wc.com
amckinlay@wc.com

Brett A. Wall (0070277)
Karl Fanter (0075686)
Dante A. Marinucci (0089402)
Sam A. Camardo (0089427)
BAKER & HOSTETLER LLP
127 Public Square, Ste. 2000
Cleveland, OH 44114
Tel. (216) 621-0200
Fax (216) 696-0740
Email: bwall@bakerlaw.com
kfanter@bakerlaw.com
dmarinucci@bakerlaw.com
scamardo@bakerlaw.com

William H. Hawkins II (0003865)
BAKER & HOSTETLER LLP
312 Walnut Street, Ste. 3200
Cincinnati, OH 45202-4074
Tel. (513) 929-3481
Fax (216) 929-0303
Email: whawkins@bakerlaw.com
*Counsel for Fifth Third Bank*

8

## CERTIFICATE OF SERVICE

On September 30, 2021, a copy of the foregoing was filed via the Court's Electronic Filing System. Copies will be served upon counsel of record by, and may be obtained through, the Court's CM/ECF Systems.

Respectfully submitted,

/s/Enu A. Mainigi
Enu A. Mainigi