UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| In re: Fifth Third Early Access Cash Advance Litigation | Case No. 1:12-cv-00851-MRB<br><br>Judge Michael R. Barrett |

**FIFTH THIRD BANK'S REPLY IN SUPPORT OF
MOTION FOR CLASS-ACTION TRIAL PLAN**

Plaintiffs' opposition fundamentally misunderstands Fifth Third's request to this Court. Far from constituting a "heads I win, tails you lose" approach, this bifurcation proposal would be—by far—the most efficient way to resolve this case, and would do so in a way that preserves Fifth Third's due process and Seventh Amendment rights. To be clear, the second phase of discovery and adjudication of individualized issues would only be needed *if individualized issues remain* after the Court (or a jury) resolves the common issues. Fifth Third agrees with Plaintiffs that the common issues may entirely resolve the case—which makes it all the more inefficient to engage in burdensome and time-consuming class discovery at this stage that may end up proving unnecessary. But if such individualized issues *do* remain, Fifth Third has a right to fully and fairly litigate each class member's claims. *See, e.g.*, *In re Asacol Antitrust Litig.*, 907 F.3d 42, 53 (1st Cir. 2018). As this bifurcation proposal will clearly "expedite and economize" this litigation, Fed. R. Civ. P. 42(b), the motion should be granted.

**ARGUMENT**

A.  **If the voluntary payment doctrine is not subject to class-wide resolution, it will necessarily turn on individualized issues of fact.**

Plaintiffs' opposition misstates Fifth Third's voluntary payment defense and how it could

1

impact this case. Ohio law provides that "[i]n the absence of fraud, duress, compulsion or mistake of fact, money voluntarily paid by one person to another on a claim of right to such payment, cannot be recovered merely because the person who made the payment mistook the law as to his liability to pay." *State ex rel. Dickman v. Defenbacher*, 86 N.E.2d 5, 7 (Ohio 1949). In contract cases, "[a] payment made by reason of a wrong construction of the terms of a contract is not made under a mistake of fact, but under a mistake of law, and if voluntary cannot be recovered back." *Salling v. Budget Rent-A-Car Sys., Inc.*, 672 F.3d 442, 445 (6th Cir. 2012) (citation omitted). Thus, *even if* Plaintiffs' interpretation of the parties' contract were correct (it was not), class members who paid Fifth Third $1 for every $10's borrowed in the belief (mistaken, says class counsel) that that was what the contract required cannot recover damages.

Plaintiffs are correct that Fifth Third believes that this defense "'*may* be subject to resolution on a class-wide basis.'" Doc. 160, at PAGEID #2507 (emphasis added) (quoting Doc. 159, at PAGEID #2498). If the Court agrees with Fifth Third that these payments were voluntary as a matter of law—or even agrees with Plaintiffs that they were not[1]—then it may not be necessary to litigate individual issues. For instance, the Court may decide that this defense bars recovery on a class-wide basis because all class representatives clearly knew they would be charged $1 for every $10's borrowed, or because each customer was provided with a calculation of the exact fee that they would be charged for each advance prior to confirming they wished to proceed with that advance. In these circumstances, the defense would succeed on a class-wide basis as a matter of law.

Among other flaws, Plaintiffs' opposition makes the curious assertion that this Court has already concluded that the $1-for-$10 transaction fee stated in the contract is "immaterial to this

---

[1] We do not think this conclusion is reasonable given that it would require the Court to find that *no* customer knowingly and intentionally paid a 10% fee, but that appears to be the result Plaintiffs will seek.

2

case." Doc. 160, at PAGEID #2508. This Court has made no such finding. Nor did the Sixth Circuit. Quite to the contrary, the Sixth Circuit held that Ohio law required it to "give effect to every provision" in the contract. Doc. 111, at PAGEID #1365 (citation omitted).

Importantly, if the Court or the jury finds that class-wide relief is unavailable, that will not dispose of the voluntary payment defense. Under Plaintiffs' conceptualization of the defense, its applicability turns on *what each customer knew* each time they agreed to pay the Early Access fees. Doc. 160, at PAGEID #2508. If the Court adopts that interpretation but concludes the defense is not subject to resolution as a matter of law, the defense will have to be resolved on an individual basis, depending on facts specific to the individual class members. Under Plaintiffs' formulation, relevant considerations might include whether the class members (like the named plaintiffs) were aware that they would be charged $1 for every $10's borrowed. For those who do not concede the point, any number of facts surrounding their transactions could be relevant. Among other things, Plaintiffs may argue that variation in what any class member knew about the claims in this lawsuit impacts the applicability of the defense. *See Budget Rent-A-Car*, 672 F.3d at 445 (holding that payments made with the anticipation of recovering them through a lawsuit are not recoverable under the voluntary payment doctrine). They may likewise argue that class members may have learned about the Early Access program in materially different ways, or received materially different information about its terms from Fifth Third branch employees.[2]

What is entirely absent from Plaintiffs' opposition is the slightest acknowledgement that Fifth Third has the constitutional right to litigate all issues as to each class member. That means an

---

[2] Plaintiffs' criticism of Fifth Third for not providing a more detailed "trial plan" is thus unfounded. What additional class member discovery may be required, if any, will depend on how the common issues are resolved. As Fifth Third explained in the parties' Joint Motion to Set Supplemental Calendar Order, the Court and the parties will be better able to assess the appropriate scope of that discovery after the resolution of the parties' motions for summary judgment. Doc. 154, at PAGEID #2414.

issue that cannot be decided on a class-wide basis *must* be litigated on an individual basis, even if Plaintiffs find such litigation inconvenient. It is no answer, therefore, for Plaintiffs to claim that material facts are irrelevant if they cannot be decided on a class-wide basis, because this case happens to be a class action. The class action device is a procedural rule and does not impair substantive rights. *See Cimino v. Raymark Indus., Inc.*, 151 F.3d 297, 312 (5th Cir. 1998) ("[T]he applicability of the Seventh Amendment is not altered simply because the case is [a] Rule 23(b)(3) class action."). Nor is it appropriate to relegate individual issues to the claims adjudications process—i.e., after an award of damages. This is not *Alice in Wonderland*, where sentencings occur before trials.

Plaintiffs' assertion that Fifth Third filed this motion to prevent them from obtaining discovery on this defense, Doc. 160, at PAGEID ##2511–2512, is also perplexing. The only discovery Fifth Third is asking to postpone with this motion is discovery from *absent class members* on individualized issues. Plaintiffs have never indicated they wished to take such discovery themselves—in fact, they have asserted they think it is entirely irrelevant, *see* Doc. 154, at PAGEID ##2414–2417—so it is unclear what prejudice they believe they would suffer if the motion is granted.

    **B. Fifth Third's bankruptcy defenses will require individualized fact-finding.**

Plaintiffs also misconstrue Fifth Third's bankruptcy defenses. The issue is not just whether Plaintiffs have filed for bankruptcy, although that is certainly important. In addition, one must determine whether class members *failed to disclose* their claims in the bankruptcy, as now-dismissed named plaintiffs Klopfenstein and Horn did. *See Auday v. Wet Seal Retail, Inc.*, 698 F.3d 902, 905 (6th Cir. 2012) (discussing abandonment and reversion of claims); *Gawry v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 942, 956 (N.D. Ohio 2009), *aff'd*, 395 F. App'x 152 (6th Cir. 2010); *see also* Opp. to Mot. to Certify Class, Doc. 138, at PAGEID #1788 & Ex. 11.

4

A bankruptcy debtor has an "affirmative and ongoing duty to disclose assets, including unliquidated litigation interests." *Kimberlin v. Dollar Gen. Corp.*, 520 F. App'x 312, 314 (6th Cir. 2013); *see also White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 479 n.5 (6th Cir. 2010) ("The duty of disclosure in a bankruptcy proceeding is a continuing one . . . ." (citation omitted)). Failing to disclose claims in the bankruptcy case subjects the debtor to defenses of both standing and judicial estoppel. *See Kolesar v. Allstate Ins. Co.*, 814 F. App'x 988, 990 (6th Cir. 2020) (debtor, whose causes of action had accrued at time of bankruptcy, failed to subsequently demonstrate standing to prosecute claims); *Auday*, 698 F.3d at 904 (explaining that plaintiff lacked standing to pursue her age discrimination claim, which became the property of her estate when she filed for bankruptcy); *accord Bauer v. Com. Union Bank*, 859 F.2d 438, 440–41 (6th Cir. 1988); *Johnson v. Lewis Cass Intermediate Sch. Dist. (In re Johnson)*, 345 B.R. 816, 825 (Bankr. W.D. Mich. 2006) (applying judicial estoppel to wrongful discharge where debtor failed to disclose pending litigation in bankruptcy proceeding). Although Klopfenstein and Horn are no longer named plaintiffs, others in the class will no doubt be similarly situated.

Resolving these bankruptcy questions in a class action "may not necessarily be complex, [but the issues] cannot be resolved without examining the specific details of the bankruptcy proceedings for each [plaintiff] who filed for bankruptcy" and thus "cannot be resolved through the use of common evidence." *Gawry*, 640 F. Supp. 2d at 955 n.4, 956 (denying certification in part because the court would "have to make individualized inquiries to determine whether [individual plaintiffs] have standing"). These inquiries are not subject to the sort of "inflexible prerequisites" that would allow for resolution by a claims administrator. *See Kimberlin*, 520 F. App'x at 314–15 (application of the judicial estoppel doctrine in bankruptcy context turns on, among other factors, whether the debtor "lacked knowledge of the factual basis of the undisclosed claims" or "had a motive for concealment"); *see also Mayo v. USB Real Estate Sec., Inc.*, No. 08-00568-CV-W-DGK, 2012 WL

5

4361571, at *5 (W.D. Mo. Sept. 21, 2012) (denying class certification because "there [was] no way the Court could identify those members whose bankruptcy issues preclude them from having standing short of conducting an exhaustive inquiry into each [individual's] bankruptcy proceeding"). Every case Plaintiffs cited arguing to the contrary in their response is out of circuit.³ Binding Sixth Circuit precedent makes plain that bankruptcy defenses are detailed, nuanced inquiries that the Court must consider. *See Kimberlin*, 520 F. App'x at 314; *Auday*, 698 F.3d at 905; *see also Gawry*, 640 F. Supp. 2d at 955 n.4, 956.

        Critically, and contrary to Plaintiffs' assertion, Doc. 160, at PAGEID #2511, the aggregate amount of damages is affected by resolution of these issues. In other words, it is not just a matter of who "is entitled to receipt of the damages." *Id.* Rather, many class members will be barred from recovering at all because of these defenses. *See* Fed. R. Civ. P. 17(a)(3) (permitting dismissal if substitution does not occur). Thus, these determinations must be made prior to a judgment, and cannot be resolved through claims forms like those proposed by Plaintiffs. The class administrator is not the appropriate person to decide who and who is not eligible to recover on the basis of standing or judicial estoppel; it is a Court's role, not an administrator's, to make legal determinations. As the First Circuit aptly explained in *In re Asacol*, "A 'claims administrator's' review of contested forms completed by consumers concerning an element of their claims would fail to be 'protective of defendants' Seventh Amendment and due process rights.'" 907 F.3d at 53.

---

³ Furthermore, some of their cases even undermine their argument. In *Ramirez v. Manpower, Inc.*, No. 13-cv-02880-BLF, 2014 WL 3378306 (N.D. Cal. July 10, 2014), for example, the court actually concluded that the plaintiff "lost the legal right to prosecute the action when she subsequently filed for bankruptcy protection," and also that she was judicially estopped from asserting the claim because she omitted the claim from her bankruptcy schedule; it granted summary judgment *to defendants*. *Id.* at *5–6. In *Eatmon v. Palisades Collection, LLC*, No. 2:08-cv-306, 2010 WL 1189571 (E.D. Tex. Mar. 5, 2010), the court agreed that class members who are not entitled to recover on the basis of bankruptcy "may be excluded from *the liability phase* of the trial." *Id.* at *9 (emphasis added).

6

### C. The precise format of individualized fact-finding need not be decided until after class-wide issues are resolved.

As discussed above, the resolution of class-wide issues will affect what, if anything, needs to be determined thereafter. An example of how one might resolve any individualized issues that remain is found in *In re Vivendi Universal, S.A. Sec. Litig.*, 284 F.R.D. 144 (S.D.N.Y. 2012). In that securities class action, certain issues were decided on a class-wide basis (by a jury) with others left for resolution on an individual basis. The court waited until after resolution of the class-wide issues to set those individualized procedures. *Id.* at 153, 155. Then, it adopted a procedure for resolving individualized issues, which began with claims forms and proceeded, where necessary, to special interrogatories, a special master's review, and ultimately review by the district court. *Id.* at 155.

To be clear, Fifth Third is not suggesting that the Court here should employ precisely the same approach as *In re Vivendi*. Rather, like the *In re Vivendi* court, this Court should recognize that there may be individual issues that will remain and address the procedure for deciding them after the common issues are resolved.

## CONCLUSION

A district court has broad discretion to bifurcate a trial or class discovery to defer costly and possibly unnecessary proceedings pending the resolution of potentially dispositive issues. *See* Fed. R. Civ. P. 42(b); *Yung v. Raymark Indus., Inc.*, 789 F.2d 397, 401 (6th Cir. 1986); *Bradley v. City of Cleveland*, No. 1:11-cv-781, 2012 WL 775081, at *2–3 (N.D. Ohio Mar. 7, 2012). The Court should use that discretion here and grant Fifth Third's motion.

Dated: November 4, 2021                                  Respectfully submitted,

/s/ Enu A. Mainigi
Enu A. Mainigi (*pro hac vice*)
Kenneth C. Smurzynski (*pro hac vice*)
Craig D. Singer (*pro hac vice*)
Amy B. McKinlay (*pro hac vice*)

7

        WILLIAMS & CONNOLLY LLP
        725 Twelfth Street, N.W.
        Washington, D.C. 20005
        Tel. (202) 434-5000
        Fax (202) 434.5029
        Email: emainigi@wc.com
               ksmurzynski@wc.com
               csinger@wc.com
               amckinlay@wc.com

        Brett A. Wall (0070277)
        Karl Fanter (0075686)
        Dante A. Marinucci (0089402)
        Sam A. Camardo (0089427)
        BAKER & HOSTETLER LLP
        127 Public Square, Ste. 2000
        Cleveland, OH 44114
        Tel. (216) 621-0200
        Fax (216) 696-0740
        Email: bwall@bakerlaw.com
               kfanter@bakerlaw.com
               dmarinucci@bakerlaw.com
               scamardo@bakerlaw.com

        William H. Hawkins II (0003865)
        BAKER & HOSTETLER LLP
        312 Walnut Street, Ste. 3200
        Cincinnati, OH 45202-4074
        Tel. (513) 929-3481
        Fax (216) 929-0303
        Email: whawkins@bakerlaw.com
        *Counsel for Fifth Third Bank*

## CERTIFICATE OF SERVICE

On November 4, 2021, a copy of the foregoing was filed via the Court's Electronic Filing System. Copies will be served upon counsel of record by, and may be obtained through, the Court's CM/ECF Systems.

Respectfully submitted,

/s/ Enu A. Mainigi
Enu A. Mainigi