IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| In re: Fifth Third Early Access Cash Advance Litigation | CASE NO. 1:12-CV-00851<br><br>HON. MICHAEL R. BARRETT<br><br>ORAL ARGUMENT REQUESTED |

**PLAINTIFFS' SUPPLEMENTAL STATEMENT OF POSITION REGARDING PROPOSED JURY INSTRUCTION NO. 3 (LAW OF THE CASE)**

Plaintiffs provide this supplemental statement of position regarding Plaintiffs' proposed Jury Instruction No. 3 (Law of the Case), which Defendant opposes. *See* ECF No. 221 at PageID# 6502-03. Plaintiffs provide this supplement (1) to provide applicable authority demonstrating the necessity and propriety of a "law of the case" instruction, and (2) to make minor revisions to the proposed instruction's language in order to ensure compliance with that authority. Plaintiffs' further arguments as to the necessity and propriety of instructions in this case regarding the Sixth Circuit's holding and the Court's TILA decision are included in Plaintiffs' responses to Defendant's Motions in Limine Nos. 1 and 2.

**A.  The Jury Must Be Instructed on the Prior Controlling Rulings in this Case**

The jury must be instructed on the prior controlling rulings in this case. The authority on this point is clear nationwide. *See, e.g., Ova v. Oakland Home Builders Corp.*, No. DV5620080001339, 2015 WL 9260382, at *1 (D. Mont. Aug. 12, 2015) ("it is appropriate to instruct the jury about matters in this case that have been decided, both to ensure the clarity of the law in this case to the jury and for judicial economy"); *Crime, Just. & Am., Inc. v. Smith*, No. 2:08-CV-00343 TLN, 2014 WL 4976178, at *4 (E.D. Cal. Oct. 3, 2014) ("The [Circuit opinion] is relevant because it defines the issues in this case. However, it is the Court's job to inform the jury as to the law to be applied in this case. Thus, the Court will explain the limited issues and rule of law from the Ninth Circuit ruling to prevent prejudice

1

or confusion."); *TD Money Sys., Inc. v. Everi Payments, Inc.*, No. 15-cv-2197-JCM-NJK, 2017 WL 5148359, at *7 (D. Nev. Nov. 6, 2017) ("the court will provide the jury with the necessary information about the court's prior rulings controlling this case in the form of jury instructions), *aff'd*, 796 F. App'x 329 (9th Cir. 2019); *Western Expert Services, Inc. v. Webtrans Logistics, Inc.*, No. CV 19-24279-JEM, 2022 WL 17368813, at *2 (C.D. Cal. Aug. 19, 2022) ("the Court's legal rulings can be converted into jury instructions that the jury can apply to the facts"); *Atlanta Attachment Co. v. Leggett & Platt, Inc.*, No. 1:05-CV-1071-ODE, 2007 WL 9700923, at *2 (N.D. Ga. Mar. 16, 2007) ("The Court will instruct the jury regarding the Summary Judgment ruling at the start of the trial."). As argued in response to Defendant's Motion in Limine Nos. 1 and 2, the Court should provide appropriate instructions regarding both the Sixth Circuit's opinion and this Court's summary judgment opinion because they define the issues in this case.

**B.     Plaintiffs' Amended Law of the Case Instruction**

The weight of the authority also suggests that a law-of-the-case instruction should *not* discuss the specific ruling. *See, e.g.*, *Clipco, Ltd. v. Ignite Design, LLC*, No. 04-C-5043, 2005 WL 2861032, at *2 (N.D. Ill. Oct. 28, 2005) ("Without referring to its summary judgment ruling, the court shall inform the jury that for the purposes of deciding the breach of contract claim and the invalidity defense, the Extreme Tumbler Mug infringes the '909 patent."); *Hewlett-Packard Co. v. Mustek Systems, Inc.*, No. 2001 WL 36166855, at *4 (S.D. Cal. Jun. 11, 2001) (court would not directly reference summary judgment order, but would "instruct the jury . . . that it is established that [defendant] infringed" claim on one of the patents at issue in lawsuit). Thus, Plaintiffs modify their requested law of the case instruction (ECF No. 221 at PageID# 6502) to the following:

I will now instruct you on certain legal issues that you do not need to decide because they have already been established in this case:

It has been established in this case that the Early Access Agreement was ambiguous, meaning that it is subject to more than one interpretation. The Agreement is ambiguous because it provides two different descriptions of the term annual percentage rate or APR that are inconsistent with each other and cannot be reconciled.

It has also been established that there is no way for the contract's definition of APR of "the cost of credit, expressed as a yearly rate" to be consistent with the formula for calculating APR given in the contract, which always produces the same result, regardless of the length of the loan.

It has also been established that, even if Fifth Third included an APR in the Early Access Agreement in order to comply with the Truth in Lending Act, that does not mean the term APR should be assigned any less meaning or importance as a matter of contract interpretation.

Finally, it has been established that the contract's formula for calculating the APR was inaccurate and misleading. Defendant knew that because Early Access loans were paid back before the 30 days used in calculating the APR Term, the APR was higher than 120%. Defendant violated the Truth in Lending Act because it failed to clearly state that the APR was only an estimate.

In accordance with the authority cited above, this proposed instruction informs the jury of the key controlling legal findings in this case, without referencing any specific opinion by this Court or the Court of Appeals. Plaintiffs therefore request that the Court give this modified instruction to the jury both at the beginning and the end of trial.

Dated: April 10, 2023  Respectfully submitted,

/s/ *Hassan A. Zavareei*
Hassan A. Zavareei (pro hac vice)
Anna A. Haac (pro hac vice)
Shana Khader (pro hac vice)
**TYCKO & ZAVAREEI LLP**
2000 Pennsylvania Avenue NW, Suite 1010
Washington, D.C. 20006
Telephone: (202) 973-0900
Facsimile: (202) 973-0950
hzavareei@tzlegal.com
ahaac@tzlegal.com
skhader@tzlegal.com

Stuart E. Scott
**SPANGENBERG SHIBLEY & LIBER LLP**
1001 Lakeside Avenue East, Suite 1700

3

Cleveland, OH 44114
Telephone: (216) 696-3232
Facsimile (216) 696-3924
sscott@spanglaw.com

Jason K. Whittemore (pro hac vice)
**WAGNER MCLAUGHLIN, PA**
601 Bayshore Blvd., Suite 910
Tampa, FL 33606
Telephone: (813)-225-4000
Facsimile: (813) 225-4010
Jason@wagnerlaw.com

***Class Counsel for Plaintiffs***

**CERTIFICATE OF SERVICE**

On April 10, 2023, a true and correct copy of the foregoing was filed via the Court's Electronic Filing System. Copies will be served upon counsel of record by, and may be obtained, through the Court's CM/ECF Systems.

Respectfully submitted,

*/s/ Hassan A. Zavareei*
Hassan A. Zavareei (pro hac vice)
**TYCKO & ZAVAREEI LLP**
2000 Pennsylvania Avenue NW, Suite 1010
Washington, D.C. 20006
Telephone: (202) 973-0900
Facsimile: (202) 973-0950
hzavareei@tzlegal.com

***Class Counsel for Plaintiffs***