UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

William R. Klopfenstein, *et al*.,

    Plaintiffs,

    v.

Fifth Third Bank,

    Defendant.

Case No. 1:12cv851

Judge Michael R. Barrett

## OPINION & ORDER

This matter is before the Court upon Plaintiffs' Motion for Entry of Judgment, Attorneys' Fees and Costs, and for a Briefing and Class Notice Schedule. (Doc. 286). Defendant Fifth Third Bank has filed a response in Opposition (Doc. 292); and Plaintiffs filed a Reply (Doc. 295). In addition, Plaintiffs filed a Notice of Supplemental Declaration in Support of their Motion for Attorneys' Fees and Costs (Doc. 297). However, Defendant has filed a Motion to Strike Plaintiffs' Notice of Supplemental Declaration. (Doc. 298).

Plaintiffs' claims arise out of Defendant's "Early Access" cash advance loan program. Plaintiffs brought a claim for breach of contract and a claim under the Truth in Lending Act, 15 U.S.C. § 1601, *et seq*. ("TILA").

On March 29, 2023, this Court granted summary judgment in favor of Plaintiffs on their TILA claim. (Doc. 209, PAGEID 6057-6060). The case proceeded to trial on Plaintiffs' breach of contract claim. Following a nine-day jury trial, the jury rendered a verdict on Plaintiffs' breach of contract claim in favor of Defendant. (Doc. 272). The Clerk entered judgment on April 27, 2023. (Doc. 273). Plaintiffs now seek an entry of final

judgment on their TILA claim; and a schedule for briefing and notice for their claim for costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1640(a).

Plaintiffs maintain that the Court has not yet entered final judgment on Plaintiffs' TILA claim under Federal Rule Civil Procedure 58(c), which provides that judgment "must be set out in a separate document." However, "a grant of partial summary judgment becomes a final judgment when a district court thereafter disposes of all remaining claims and parties." *Bonner v. Perry*, 564 F.3d 424, 427 (6th Cir. 2009) (citing *Porter v. Williams*, 436 F.3d 917, 920 (8th Cir. 2006)). Therefore, judgment on Plaintiffs' TILA claim would not have become final until the Clerk entered judgment on April 27, 2023.

Setting that point aside, the finality of any judgment is negated by the timely filing of a motion under Rule 50 or 59. *Miltimore Sales, Inc. v. Int'l Rectifier, Inc.*, 412 F.3d 685, 689 (6th Cir. 2005) (quoting *Weyant v. Okst*, 198 F.3d 311, 315 (2d Cir. 1999)). Here, the parties have both filed motions pursuant to Federal Rules of Civil Procedure 50 and 59. (Docs. 282, 284). Therefore, the entry of any final judgment has been suspended until the Court issues an order ruling on the Rule 50 and 59 motions.

Nevertheless, Federal Rule of Civil Procedure 54(b) provides:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed.R.Civ.P. 54(b). In order to determine whether there is no just reason for delay, courts consider the following factors:

> (1) the relationship between the adjudicated and the unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the

presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Planned Parenthood Sw. Ohio Region v. DeWine*, 696 F.3d 490, 503 (6th Cir. 2012) (quoting *Corrosioneering, Inc. v. Thyssen Envtl. Sys., Inc.*, 807 F.2d 1279, 1283 (6th Cir.1986)).

Here, the Court concludes that "no just reason for delay exists" to enter final judgment on Plaintiffs' TILA claim. The Court has previously considered this same issue—albeit in a different procedural context—and determined that Plaintiffs' contract claim and TILA claim are independent of one another. (Doc. 108, PAGEID 1339). Once again, the Court concludes that any need for review as to the contract claim would not be mooted by future developments in this Court. The factual and legal issues with regard to the TILA claim have been decided and would not need to be considered a second time. There is no claim or counterclaim which could result in a set-off against the judgment sought to be made final on the TILA claim.

Accordingly, Plaintiffs' Motion for Entry of Judgment, Attorneys' Fees and Costs, and for a Briefing and Class Notice Schedule (Doc. 286) is **GRANTED**. The Court directs the Clerk to enter final judgment on Plaintiffs' TILA claim pursuant to Federal Rule of Civil Procedure 58.

This matter is set for a telephone scheduling conference on December 11, 2023 at 10:30 AM to discuss the briefing and notice to the class for Plaintiffs' motion for attorneys' fees and costs under TILA.[1] At that time, the Court will address Plaintiffs'

---

[1] Federal Rule of Civil Procedure 54(d)(2)(B) provides that a motion for attorneys' fees "must be filed or serviced no later than 14 days after entry of judgment." However, district courts may adopt local rules establishing timeliness standards for the filing of claims for attorney's fees.

Notice of Supplemental Declaration in Support of their Motion for Attorneys' Fees and Costs (Doc. 297) and Defendant's Motion to Strike Plaintiffs' Notice of Supplemental Declaration. (Doc. 298).

**IT IS SO ORDERED.**

                                                */s/ Michael R. Barrett*
                                                JUDGE MICHAEL R. BARRETT

---

This Court's local rules provide: "Unless a statute or court order provides otherwise, a motion for attorney's fees under Fed. R. Civ. P. 54 must be filed not later than forty-five days after the entry of judgment." S.D. Ohio Civ. R. 54.2(a).