**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| In re: Fifth Third Early Access Cash Advance Litigation | ) CASE NO. 1:12-CV-00851 ) ) HON. MICHAEL R. BARRETT ) ) ) |

**PLAINTIFFS' MOTION TO REOPEN DISCOVERY FOR THE LIMITED PURPOSE OF DETERMINING PLAINTIFFS' CLAIM FOR ATTORNEYS' FEES AND TO COMPEL DEFENDANT'S ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES AS TO PLAINTIFFS' CLAIM FOR ATTORNEYS' FEES**

Plaintiffs move this Court to reopen discovery for the limited purpose of determining Plaintiffs' claim for attorneys' fees and compel Defendant to answer the three interrogatories listed in Plaintiffs' First Set of Interrogatories as to Plaintiffs' Claim for Attorneys' Fees. Good cause exists to reopen discovery for this limited purpose and to compel the Bank to answer the interrogatories at issue.

**Introduction**

For over ten (10) years, the parties litigated Plaintiffs' Truth in Lending Act ("TILA") claim against Fifth Third. On March 29, 2023, this Court entered summary judgment in favor of Plaintiffs and the Class. ECF No. 209. Because of Plaintiffs' success on this claim, they are entitled to attorney's fees.

Fifth Third does not dispute the principle that Plaintiffs are entitled to some measure of fees, but it contends that those fees are substantially less than the amount that fairly compensates Plaintiffs' attorneys for their work. Indeed, in their opposition to the motion, Fifth Third contends that the rates Plaintiffs calculated using the Adjusted Laffey Matrix is improper, even though Courts in this Circuit

1

have blessed the Laffey Matrix. Instead, Fifth Third contends that Plaintiffs' counsel should be compensated under the Rubin Committee Rates, a rate designed to compensate non-profit attorneys.

Fifth Third's objection to the Adjusted Laffey Rates raises the question of what Fifth Third valued the legal services it paid for in defending the TILA claim. So, Plaintiffs requested limited discovery to identify the attorneys and paralegals who worked on this file, as well as the rate Fifth Third paid them. Fifth Third balked at this request.

As a result, Plaintiff now seeks judicial intervention to compel Fifth Third to disclose the rates it paid to its attorneys to defend this action. Contrary to Fifth Third's assertions, what Fifth Third was willing to pay its counsel is relevant on its face to determine what a reasonable rate of compensation for Plaintiffs' attorneys in this action. Multiple courts have held this. Most notably, in similarly protracted litigation over TILA, the Eleventh Circuit held that the district court abused its discretion in denying plaintiff's attempt to discover the fees paid to the bank's counsel. *Henson v. Columbus Bank & Trust Co.,* 770 F.2d 1566, 1575 (11th Cir. 1985).

Accordingly, this Court should compel Fifth Third to respond to Plaintiff's discovery requests and show what Fifth Third considered to be a reasonable rate for attorneys in this matter.

**A. Plaintiffs attempted to obtain discovery regarding Fifth Third's rates in response to Fifth Third's position that the rates Plaintiffs claimed were improper.**

For over ten (10) years, the parties litigated Plaintiffs' Truth in Lending Act ("TILA") claim against Fifth Third. On March 29, 2023, this Court entered summary judgment in favor of Plaintiffs and the Class. ECF No. 209. After the trial in this matter on Plaintiffs' remaining breach of contract claim, Plaintiffs timely filed their Motion for Entry of Judgment, Attorneys' Fees and Costs, and for a Briefing and Class Notice Schedule. ECF No. 286.

Plaintiffs filed a Notice of Supplemental Declaration in Support of Plaintiff's Motion for Attorneys' Fees on September 26, 2023, detailing the initial calculation of fees and costs attributable to Plaintiffs' TILA claim. ECF No. 297. On October 27, 2023, Fifth Third filed its Motion to Strike

Plaintiffs' Supplemental Declaration. ECF No. 298. In its Motion, Fifth Third argued that both the number of attorneys claiming fees for the Class as well as the hourly rates claimed were unreasonable. *Id.* at p. 6. Fifth Third took this position despite having twenty (20) of its own counsel of record over the course of this litigation for just one party.

On December 1, 2023, this Court granted Plaintiffs' Motion for Entry of Judgment, Attorneys' Fees and Costs, and for a Briefing and Class Notice Schedule. ECF No. 301.

On December 20, 2023, Plaintiffs served Plaintiffs' First Set of Interrogatories as to Plaintiffs' Claim for Attorneys' Fees. A copy of the Interrogatories is attached as Exhibit A. The discovery request consisted of the following three interrogatories:

> INTERROGATORY NO. 1: Identify each individual attorney or paralegal who performed work on the Action that has been billed to Fifth Third.
>
> INTERROGATORY NO. 2: For each attorney or paralegal identified in response to Interrogatory No. 1, identify the law firm employing the attorney or paralegal, the attorney's position with the law firm, and the date range the attorney or paralegal performed work on this Action from its filing to the present.
>
> INTERROGATORY NO. 3: For each attorney or paralegal identified in response to Interrogatory No. 1, state the hourly rate that was charged by the attorney or paralegal for work done on this Action. If the hourly rate changed over the course of the Action, provide a history of the rates charged showing the dates of any changes.

On December 26, 2024, Plaintiffs filed their Motion for Attorneys' Fees, Costs, and Incentive Awards ("Plaintiffs' Petition"). ECF No. 303.

On January 19, 2024, Fifth Third served Defendant Fifth Third Bank's Objections to Plaintiffs' Interrogatories as to Plaintiffs' Claim for Attorneys' Fees. A copy of the Objections are attached as Exhibit B. Fifth Third first objected that discovery ended on December 17, 2021, and that Plaintiffs lacked good cause to reopen discovery for this limited purpose. Fifth Third further objected to the specific interrogatories on the basis that the interrogatories seek "information that is irrelevant to the Court's evaluation to Plaintiffs' counsel's fee petition."

3

Fifth Third filed its Response in Opposition to Plaintiffs' Petition on February 9, 2024. ECF No. 304. In its brief, Fifth Third doubled down on its position that both the number of Plaintiff's counsel claiming fees as well as their hourly rates are unreasonable. *Id.* at ECF Page No. 10822, 10831. Indeed, Fifth Third contends that these rates are "indefensible." *Id.* at PageID #: 10830. Fifth Third likewise suggests that the rates it paid to its counsel is "irrelevant, even under the counterfactual scenario that their rates exceeded those Plaintiffs' counsel seek all the way back to 2012." *Id.* at PageID #: 10829 at n. 4. In making its argument, Fifth Third uses italics and highlights around certain points, seemingly to attempt to emphasize that these requests are unreasonable. For instance, Fifth Third writes that **Seven** of their attorneys claim rates *in excess of $1,000 per hour*, another **nine** of them claim between $850 and $1,000." *Id.* at PageID #: 10826 (emphasis in original). The effect of these visuals would most likely diminish, if Plaintiffs were able to compare the rates that Fifth Third paid to its attorneys.

Plaintiffs' Reply is currently due March 1, 2024. Good cause exists to reopen discovery for the limited purpose of determining Plaintiffs' Petition. Further, the refusal to permit this very type of discovery under these circumstances constitutes reversible error. See *Henson*, 770 F.2d at 1575.

**B. Good cause exists to reopen discovery for the limited purpose of determining Plaintiffs' petition for attorneys' fees and costs.**

In determining whether good cause exists to reopen discovery, a court may consider the following: (1) whether there is good cause to reopen discovery; (2) whether the need for additional discovery is a result of the movant's neglect, and (3) whether there exist other reasons not to reopen discovery. *Romans v. Ford Motor Co.,* 2021 WL 1438299, at *4-5 (S.D. Ohio Apr. 16, 2021) (collecting cases); *Brock v. Harrison,* 2015 WL 6561723, at*1 (S.D. Ohio Oct. 20, 2015). Where discovery is relevant to an outstanding issue and is sufficiently limited in specificity, good cause exists to reopen discovery. *See id.* at *2. So long as a plaintiff is not engaging in a "fishing expedition" and the discovery is

4

"proportional to the needs of the case" the decision to reopen discovery weighs in the movant's favor. *Id.* at *3.

There is certainly good cause to reopen discovery in determining Plaintiffs' Petition. Courts routinely permit discovery between the parties after judgment is entered for the limited purpose of determining the entitlement and amount of attorneys' fees for the prevailing party. *Henson,* 770 F.2d at 1574-75; *Falana v. Kent State Univ.,* No. 5:08 CV 720, 2012 WL 6084630, at *4-5 (N.D. Ohio Dec. 6, 2012) (ordering production of information and materials related to defendant's fees, because "[d]iscovery regarding defendants' attorney fees may provide information relevant to the Court in determining the reasonableness of plaintiff's attorney fee application, for example with respect to hours expended and hourly rate"); *Davis v. Fidelity Techs. Corp.,* 180 F.R.D. 329, 331-32 (W.D. Tenn. 1998) (ordering production of redacted billing statements to allow plaintiff to respond to argument that its fee request included unnecessary and excessive charges); *Citgo Petroleum Corp. v. Krystal Gas Marketing Co., Inc.*, 466 F. Supp.2d 1263, 1264-66 (N.D.Okl. 2006) (ordering production of billing rates and records for purposes of allowing use in reply brief on motion for attorney's fees); *Coalition To Save Our Children v. State Bd. of Educ. of State of Del.*, 143 F.R.D. 61, 66 (D.Del. 1992) (ordering production of defendant's time spent on matter, rates, total fees, and expenses); *Howe v. Hoffman-Curtis Partners, Ltd. LLP*, No. H-03-4298, 2007 WL 7086572, at *1 (S.D. Tex. Apr. 13, 2007) ("To the extent defendants wish to argue the unreasonableness of plaintiffs' fees, discovery regarding their own fees is relevant and not unduly burdensome."). Further, Plaintiffs three limited interrogatories are far from anything that could be considered a fishing expedition and tailored to address two issues raised by Fifth Third that the Court will need to address in determining Plaintiffs' Petition.

The second factor this Court should consider is whether Plaintiffs' neglect caused the need to reopen discovery. This factor is clearly not at issue here. This is a post judgment fees and cost petition. Plaintiffs timely moved for an award of attorneys' fees and costs and served this discovery before

filing its Motion on December 26, 2024. There has been no delay or neglect on the part of Plaintiffs to refuse reopening discovery. Had Plaintiffs sought this discovery during the fact discovery period, Fifth Third would have refused the production as premature. This is an entirely post-judgment issue, and thus, it is now appropriate to conduct this discovery. In fact, Fifth Third's own arguments in opposition to Plaintiffs' fee motion, necessitates this discovery. And any claim by Fifth Third that post-trial discovery is inappropriate rings hollow given that it produced a new expert report to combat Plaintiffs' fees motion. *See* ECF No. 304-1.

The final factor as to whether good cause exists to reopen discovery is whether other reasons exist not to reopen discovery. Discovery during a party's fee petition claim is a routine practice. Certainly, the limited nature of this discovery does not prejudice Fifth Third or raise any other reason to keep discovery closed on this issue. *See Romans,* 2021 WL 1438299 at *3 (there is no prejudice to an opposing party in reopening discovery where the requests are confined to a limited purpose that will not result in a "logistical nightmare" to the opposing party's detriment). Plaintiffs simply require a response to three interrogatories. The time spent gathering this information is minimal. The only reason that Fifth Third would not want to share this information is because it would show that the rates it paid vastly outstrips the rates Plaintiffs seek.

Accordingly, Plaintiffs request this Court reopen discovery for the limited purpose of determining Plaintiffs' Petition.

### C. **The discovery sought is reasonable and necessary to assist the Court in evaluating Plaintiffs' petition.**

Plaintiffs' three interrogatories to Fifth Third seek information on the number of attorneys and staff that billed on the case, as well as the rates that these attorneys billed. Plaintiffs seek this information to respond to Fifth Third's contention that the fees Plaintiffs are seeking are indefensible. Courts have often held that, when a defendant disputes the rate a prevailing plaintiff seeks, discovery on the defendant's own rates are relevant. Fifth Third's objections to Plaintiffs discovery do not

6

overcome this point. As a result, this Court should compel Fifth Third to respond to the interrogatories.

A motion to compel is appropriate when a party fails to provide proper responses to discovery requests. *McNeil v. Mounty Carmel Health System*, No. 2:20-cv-258, 2021 WL 422689, at *2 (S.D.Ohio Feb. 8, 2021). To succeed under a motion to compel, a plaintiff must show that the requested discovery is relevant. *Id.*

In *Henson*, the Eleventh Circuit held that discovery related to the reasonableness of a plaintiff's attorneys' fee claim is appropriate where an opposing party vigorously challenges the reasonableness of fees, the number of attorneys, and the hourly rate claimed by the plaintiff. 770 F.2d 1574-75. In fact, under those circumstances, failure to allow such discovery is reversible error. *Id.* at 1575.

The plaintiff in *Henson* brought a TILA claim against Columbus Bank & Trust Co. *Id.* The case was litigated for over a decade and was "spiritedly contested" at every stage, including plaintiff's petition for attorneys' fees. *Id.* Columbus Bank challenged the fee claim on several grounds including the duplication of billing due to the number of lawyers claiming fees on behalf of plaintiff and the reasonableness of hours expended on the claim. *Id.* In response, plaintiff requested the court to permit discovery on the number of lawyers and fees charged by Columbus Bank. *Id.* The court refused the request and plaintiff appealed the fee award. *Id.* The Eleventh Circuit reversed and remanded, with instruction, to permit the discovery of the evidence in question and to hold an additional hearing on the fee petition. *Id.*

This case mirrors *Henson* with the exception that this case involves a TILA claim brought on behalf of over 400,000 class members as opposed to just one plaintiff. Like *Henson,* this case has been litigated for over ten (10) years with both parties fighting vigorously at every stage. Now that Plaintiffs have prevailed on their TILA claim, Fifth Third bellyaches that the fee award should be less, spending unknown thousands of dollars in fees arguing that too many lawyers and support staff worked on the

7

TILA claim. However, as held in *Henson,* Fifth Third cannot fight vigorously for years on a case only to turn around and complain that Plaintiffs fees for having to win that fight are too high. *Id.* In fact, the last Status Conference the Court held highlights Fifth Third's approach to this case: they staffed five attorneys to attend a telephone conference while litigating a motion to which they objected to attorneys' fees of Plaintiffs, who also had five attorneys on the conference, as excessive. *See* January 18, 2024 non-document entry. As the Court is well aware, this case has been vigorously litigated on all fronts and Fifth Third has spared no expense and that will be reflected in the rates they paid to their attorneys. And Plaintiffs are entitled to have that information in order to bolster their motion.

Indeed, the discovery Plaintiffs seek mirrors the very type of discovery *Henson* found to be appropriate and necessary for the court to determine a reasonable fee award.

And the Eleventh Circuit is not alone in its holding that a defendant's rates are relevant. Indeed, the Third Circuit also held disclosure of settling defendant's fees "certainly was relevant, and arguably even helpful." *In re Fine Paper Antitrust Litigation*, 751 F.2d 562, 587 (3d Cir. 1984).[1] Similarly, in *Serrichio v. Wachovia Securities, LLC*, the District of Connecticut ordered the defendant to produce its records on the rates and hours it charged. 258 F.R.D. 43 (D.Conn. 2009). Much like in this case, the plaintiff there sought these records to "rebut defendant's factual contentions that Plaintiff's counsel expended an exorbitant number of hours litigating the case and charged grossly excessive fees." *Id.* at 46 (quotation omitted). The court held that this was an appropriate basis for discovery, as "a comparison of each side's records may aid the Court in divining the reasonable fees and costs to be awarded in this case … ." *Id.*; *see also Naismith v. Professional Golfers Ass'n.*, 85 F.R.D. 552, 564 (N.D.Ga.

---

[1] The Third Circuit ultimately held that trial court's refusal to order the production of the requested material was not an abuse of discretion, because "such discovery would generate inquires into collateral matters, such as privilege." *In re Fine Paper*, 751 F.2d at 587. There are no privilege concerns here, because these responses to interrogatories requesting just the rates, as opposed to requests for the actual billing records. *See also Real v. Continental Group, Inc.*, 116 F.R.D. 211, 214 (N.D.Cal. 1986) (denying request for billing records, but ordering defendant to respond to interrogatories that would show hours bills, fee arrange, costs and total fees).

1979) ("the Court believes that the extent to which defendants may have obtained high-priced legal counsel is relevant to show the reasonableness of plaintiffs in hiring high-priced counsel.").[2]

It is common knowledge in the legal community that large firms like Williams & Connolly and Baker & Hostetler charge high rates. In fact, it is likely that the rates that Fifth Third paid them in the case were higher than the rates that Plaintiffs' counsel seeks. In a case that awarded an attorney's fees in excess of the Laffey rate, the Northern District of Ohio held that it drew support for its holing "from the fact that [the attorney's] asserted rate is significantly less than those charge by defense counsel, which, contrary to Defendant's argument, is quite relevant to the issue at hand." *Gallo v. Moen, Inc.*, No. 1:13-CV-02440, 2014 WL 4472630, at *4 (N.D. Ohio Sept. 11, 2014) vacated on other grounds in *Gallo v. Moen, Inc.*, 813 F.3d 265 (6th Cir. 2016).

And so, in order to make a proper assessment of a reasonable rate of this case that has been fiercely litigated for over a decade, the rates that Fifth Third paid to its attorneys is relevant. Indeed, because they claim that the rate Plaintiffs seeks is too high and because they claim that Plaintiffs had too many attorneys working on the case, it should be required to disclose how many people it had working on the case and the rates at which those individuals were compensated. Such information is pellucidly probative to the reasonableness of Plaintiffs' fee request.

## Conclusion

For these reasons, Plaintiffs requests the Court reopen discovery for the limited purpose of determining Plaintiffs' Motion for Attorneys' Fees, Costs and Incentive Awards and to order that

---

[2] Fifth Third also seems to suggest that their rates are irrelevant, because they are not located in Cincinnati. First, while the attorneys from Baker & Hostetler who worked on the case are primarily located in Cleveland, where some of Plaintiffs' counsel practices, the firm has an office in Cincinnati and its attorneys regularly represented Fifth Third. Given that they are Ohio lawyers, their rates are obviously relevant. Second, the other firm Fifth Third hired, Williams & Connolly, is located in Washington, D.C., where some of Plaintiffs' counsel practices. In cases where both sides have been out of town lawyers in the same cities, courts have considered both sides rates. *See, e.g., Stastny v. Southern Bell Tel & Tel. Co.*, 77 F.R.D. 662, 663 (W.D.N.C. 1978) (overruling objection to discovery of rates for defense attorneys who practiced in Atlanta for case pending in Charlotte, in part, because "[l]egal work was done by lawyers for both sides in both Atlanta and Charlotte.").

Defendant to provide answers to Plaintiffs' First Set of Interrogatories as to Plaintiffs' Claim for Attorneys' Fees within ten (10) days of the order.

### Certificate of Good Faith Conference

Pursuant to Southern District of Ohio Local Rule 7.3, the parties conferred regarding the issues raised in this Motion on February 1, 2024. The parties were unable to reach an agreement on the matter. Fifth Third opposes this Motion.

Dated: February 21, 2024

Respectfully submitted,

/s/ Jason K. Whittemore
Jason K. Whittemore
Wagner, McLaughlin & Whittemore, PA
601 Bayshore Blvd. Suite 910
Tampa, FL 33606
(800) 360-6439
813-225-4010 (Fax)
Email: Jason@wagnerlaw.com

Hassan A. Zavareei
Anna C. Haac
Shana Khader
TYCKO & ZAVAREEI LLP
2000 Pennsylvania Ave. NW, Suite 1010
Washington, D.C. 20036
(202) 949-3783
hzavareei@tzlegal.com
ahaac@tzlegal.com

Stuart E. Scott (0064834)
Dennis R. Lansdowne (0026036)
Spangenberg Shibley & Liber LLP 1001 Lakeside Ave E, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (fax)
sscott@spanglaw.com
dlansdowne@spanglaw.com

*Co-Lead Counsel for Plaintiffs and the Class*

**CERTIFICATE OF SERVICE**

On February 21, 2024, a true and correct copy of the foregoing was filed via the Court's Electronic Filing System. Copies will be served upon counsel of record by, and may be obtained, through the Court's CM/ECF Systems.

Respectfully submitted,

*/s/ Jason K. Whittemore*
Jason K. Whittemore (pro hac vice)
Wagner, McLaughlin & Whittemore, PA
601 Bayshore Blvd. Suite 910
Tampa, FL 33606
(800) 360-6439
813-225-4010 (Fax)
Email: Jason@wagnerlaw.com

*Class Counsel for Plaintiffs*

11