UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

In re: Fifth Third Early Access Cash Advance Litigation

Case No. 1:12-cv-00851-MRB

Judge Michael R. Barrett

**OPPOSITION TO PLAINTIFFS' MOTION TO REOPEN DISCOVERY AND TO COMPEL DEFENDANT'S ANSWER TO INTERROGATORIES**

Plaintiffs' motion to reopen discovery and to compel Fifth Third to answer additional interrogatories at this late stage is not only without legal basis, but underlines just how improper their request for $6 million in attorneys' fees and costs is. The rates that Fifth Third paid its counsel are irrelevant for the same reason that Plaintiffs' rates are so unreasonable: The Southern District of Ohio uses "a list of pre-calculated billing rates tiered by years of experience" to determine the appropriate rate to use in a lodestar calculation. *QFS Transp., LLC v. Murphy*, No. 1:21-cv-00770, 2023 WL 2785589, at *2 (S.D. Ohio Jan. 19, 2023) (Barrett, J.) (citation omitted). The actual billing rates of Fifth Third's counsel—like those of Plaintiffs' counsel—are irrelevant to determining the appropriate billing rates to use for a case litigated in *this* district, where the only rates that need be considered are the rates "within [this] court's territorial jurisdiction." *Id.* (citation omitted).

Furthermore, this case was always about the breach of contract claim, *not* the TILA claim, which was always capped at a maximum $2 million recovery—*less than one half of one percent* of the $443 million that Plaintiffs sought at trial. As Fifth Third explained in its opposition to the fee motion, *see* ECF No. 304, it was willing to settle this case in 2016 for more than Plaintiffs ultimately recovered. But rather than take their more-than-full recovery on the TILA claim, Plaintiffs opted to roll the dice on seven more years of litigation relating to the breach of contract claim. During this

1

time period, Fifth Third was represented by Ohio-based Baker Hostetler. It was only *after* the Sixth Circuit reinstated the breach of contract claim in 2019 that Fifth Third hired another firm, Williams & Connolly LLP, to assist with the defense of the breach of contract claim. It defies credulity why Plaintiffs think that Fifth Third was paying even close to the premium rates they now seek all the way back to 2012—when almost no one in the country was charging these rates, much less the Ohio-based firm that primarily litigated this case until 2019. But those rates, as well as the number of timekeepers, are ultimately irrelevant, because Fifth Third staffed its case to defend the breach of contract claim. The Court should deny Plaintiffs' motion.

## ARGUMENT

As Plaintiffs concede, they bear the burden to demonstrate "good cause" to reopen discovery. Fed. R. Civ. P. 16(b)(4). To meet that burden, "the new information sought should be more than minimally relevant." *Hicks v. Faris*, No. 1:20-cv-680, 2021 WL 6123262, at *4 (S.D. Ohio Dec. 27, 2021); *see also McNeil v. Mount Carmel Health System*, No. 2:20-cv-258, 2021 WL 422689, at *2 (S.D. Ohio Feb. 8, 2021) (holding that to succeed under a motion to compel, the movant must "show that the information sought is relevant"). If the information sought is not relevant, the Court can end its analysis and need not consider any other factors. *U.S. Diamond & Gold v. Julius Klein Diamonds LLC*, No. C–3–06–371, 2008 WL 2977891, at *12 (S.D. Ohio July 29, 2008). Because Plaintiffs cannot meet their burden here, the Court should deny their request.

    **A.**    **Because the Southern District of Ohio Uses the Rubin Committee Rates, Any Billing Rates Actually Charged in This Case Are Irrelevant to Plaintiffs' Fee Petition.**

Despite asserting that discovery of an opposing party's billing information in connection with a fee petition is a "routine practice," Plaintiffs cite no case in the Southern District of Ohio in which a Court has granted such a request. ECF No. 305, PAGEID#12115. That is not a coincidence. In the Sixth Circuit, "the appropriate rate is not necessarily the exact rate of a

particular firm, but the market rate *in the venue* sufficient to encourage competent lawyers *in the relevant community* to undertake legal representation." *Ne. Ohio Coalition for the Homeless v. Husted*, 831 F.3d 686, 715–16 (6th Cir. 2016) (emphases added). In other words, except in rare circumstances that are not present here for the reasons set forth in Fifth Third's fee petition opposition, *see* ECF No. 304, PAGEID##10828–29, the district court will "apply local market rates to the services provided by [an] out-of-town" lawyer. *Husted*, 831 F.3d at 716.

In the Southern District of Ohio, those local rates are the Rubin Committee rates, which are "a list of pre-calculated billing rates tiered by years of experience."[1] *QFS Transp.*, 2023 WL 2785589, at *2 (Barrett, J.) (citation omitted); *accord HealthCare Facility Mgmt. LLC v. Engnan*, Nos. 1:23-cv-246 *et al.*, 2023 WL 5846874, at *4 n.22 (S.D. Ohio Sept. 11, 2023) (Barrett, J.) (string-citing cases in this district using this approach); *Cooley v. Aevum Hotels, LLC*, No. 1:21-cv-798, 2022 WL 3042590, at *6 & n.15 (S.D. Ohio Aug. 2, 2022) (Barrett, J.) (rejecting Laffey Matrix rates in favor of Rubin Committee rates); *see also Linneman v. Vita-Mix Corp.*, 970 F.3d 621, 629–31 (6th Cir. 2020) (holding district court abused its discretion in class action by not using the "community market rule to calculate a reasonable billing rate," which "in the Southern District of Ohio . . . [is] the Rubin rates" (citation omitted)). Thus, whereas some courts in other jurisdictions may find that discovery of a defendants' billing information is relevant, *see infra* p. 7, it is not relevant in *this* district, where the Court's determination of the appropriate rate to use for Plaintiffs' petition bears no relationship to what rates Fifth Third paid its counsel. *See Linneman*, 970 F.3d at 631 (holding that "the billing rates

---

[1] As they did in their motion for attorneys' fees and costs, Plaintiffs once again erroneously assert that the Rubin Committee rates only apply to non-profit counsel. *See* ECF No. 305, PAGEID#12111. While they cite no authority for that argument here, in their fee motion, they pointed to *Doe v. Ohio*, No. 2:91-CV-00464, 2020 WL 728276 (S.D. Ohio Feb. 12, 2020), *report and recommendation adopted*, No. 2:91-CV-464, 2020 WL 996561 (S.D. Ohio Mar. 2, 2020). ECF No. 303, PAGEID#10359. But in *Doe*, the court explained that "Congress did not intend the calculation of fee awards to vary depending on whether plaintiff was represented by private counsel or by a nonprofit legal services organization." 2020 WL 728276, at *10 n.6 (alteration omitted) (quoting *Blum v. Stenson*, 465 U.S. 886, 894 (1984)). As the recent cases above demonstrate, the Rubin Committee rates plainly apply outside of the non-profit context.

of some of the most prominent law firms in the country . . . tell us little—if anything—about the appropriate billing rates for a [consumer class action] case litigated by three law firms in the Southern District of Ohio").

> **B.    As This Case Was Primarily About the Breach of Contract Claim, Fifth Third's Rates and Timekeepers Would Not Assist the Court in Determining a Reasonable Fee for Plaintiffs on the TILA Claim.**

Even if the Southern District of Ohio's approach to determining rates on fee petitions did not conclusively establish the irrelevance of Fifth Third's counsel's rates, those rates—as well as its timekeepers—are also irrelevant for an independent reason: They were both driven by the breach of contract claim, not the TILA claim.

As this Court will recall, it dismissed 17 out of the 18 claims Plaintiffs had filed in this case in 2015, leaving only the TILA claim, a strict-liability statutory claim with a maximum $2 million recovery. ECF No. 89. Plaintiffs then appealed to overturn the dismissal of the breach of contract claim. While that appeal was ongoing, the parties reached a settlement agreement in October 2016 that would have resulted in Plaintiffs recovering well in excess of $2 million, but Plaintiffs backed out when they claimed that the contract damages they wanted to pursue were "exponentially higher than the potential TILA damages due to TILA's statutory caps." ECF No. 101, PAGEID#1285–86. In other words, by their own admission, Plaintiffs' valuation of the contract damages "derailed settlement negotiations" that would have paid the Class more than the full value of the TILA claim. ECF No. 105, PAGEID#1311 ("Plaintiffs' contract claim is driving resolution of this matter."). Instead, Plaintiffs opted to roll the dice on seven more years of litigation relating to the *breach of contract claim*, for which they sought to recover more than $443 million. *See* ECF 276, PAGEID#8898. As Fifth Third explained more fully in its opposition to Plaintiffs' fee request, this fact alone justifies denying recovery for any fees incurred after 2016, which ultimately left the Class worse off than it would have been had Plaintiffs' counsel taken Fifth Third's settlement offer more

4

than seven years ago. *See* ECF No. 304, PAGEID##10837; *see also McKelvey v. Sec'y of U.S. Army*, 768 F.3d 491, 495, 498 (6th Cir. 2014) (affirming 50% fee reduction because rejecting "a prior settlement offer more favorable than the final judgment bears on the plaintiff's degree of success").

Not only does this fact justify a substantial reduction in Plaintiffs' fee request, it also explains why this Court should deny the current motion. Through 2019, Fifth Third was primarily represented by an Ohio-based firm, Baker & Hostetler, which was assisted in the early stages by local counsel in the various forums in which Plaintiffs filed their cases prior to consolidation.[2] It was only *after* the Sixth Circuit reinstated the breach of contract claim that Fifth Third brought on a second firm to assist with their defense of the case—Washington, D.C.-based firm Williams & Connolly LLP, which entered an appearance in early 2020. ECF Nos. 132–35. This chronology explains why courts should not award attorneys' fees "based on what the opposing side spent in time and money." *Mirabal v. General Motors Acceptance Corp.*, 576 F.2d 729, 731 (7th Cir. 1978) (observing that "a plaintiff's attorney, by pressing questionable claims and refusing to settle except on outrageous terms, could force a defendant to incur substantial fees which he later uses as a basis for his own fee claim").

### C. Courts Routinely Deny Requests to Compel Discovery of Fee-Related Information from Opposing Parties in Connection with a Fee Petition.

Plaintiffs nevertheless argue that it would be "reversible error" to deny a motion to compel discovery when the opposing party challenges the reasonableness of a fee request. ECF No. 305, PAGEID#12116 (citing *Henson v. Columbus Bank & Trust Co.,* 770 F.2d 1566, 1574 (11th Cir. 1985)).

---

[2] While Baker & Hostetler still has its records from the relevant period, due to a software upgrade, Fifth Third no longer has any records of its own reflecting the rates and timekeepers who worked on this case prior to 2017. Thus, even if ordered to do so by the Court, it is not clear that Fifth Third would be able to fully respond to these interrogatories, as it does not know whether its former local counsel, who ceased participating in this case many years ago, still have this information in their possession and readily accessible.

Yet as explained *supra*, they have cited no case in **this** district where a Court granted such a request, and nor does the authority outside of this district support that argument.

Although the Sixth Circuit does not appear to have explicitly weighed in, "[t]hree circuits have expressly recognized that the determination [of reasonableness] is within the discretion of the trial court and that it is not an abuse of discretion to refuse discovery of information regarding fees and expenses of opposing counsel." *Davis v. Fid. Techs. Corp.*, 180 F.R.D. 329, 331 (W.D. Tenn. 1998) (citing *Johnson v. Univ. College of Univ. of Alabama in Birmingham*, 706 F.2d 1205, 1208 (11th Cir. 1983); *In re Fine Paper Antitrust Litig.*, 751 F.2d 562, 587 (3rd Cir. 1984); *Ohio–Sealy Mattress Manufacturing Co. v. Sealy, Inc.*, 776 F.2d 646, 659 (7th Cir. 1985)). Furthermore, "several circuits, including the Seventh, Tenth, and Eleventh Circuits, have concluded that opposing counsel's fees are generally not relevant to a moving party's fee request." *Montgomery v. Kraft Foods Glob., Inc.*, No. 1:12–CV–00149, 2015 WL 881585, at *3 (W.D. Mich. Mar. 2, 2015) (denying a request for additional discovery for a fee petition), *aff'd*, 822 F.3d 304 (6th Cir. 2016). For example, the Seventh Circuit has recognized that when faced with a large amount of damages, a defendant may be willing to invest more money defending the case than a plaintiff would in prosecuting it, *see Sealy*, 776 F.2d at 659, and that a case may have greater precedential value to a defendant than a plaintiff, *see Mirabal*, 576 F.2d at 731.

District courts around the country, including others within the Sixth Circuit, have taken similar approaches in denying discovery of the opposing party's billing records on relevance grounds. *See, e.g., Fredrick v. Cent. Fla. Invs., Inc.*, No. 3:19-CV-418-CEA-HBG, 2022 WL 211587, at *2 (E.D. Tenn. Jan. 24, 2022) ("Thus, the [*Johnson*] factors, not Defendants' counsels' billing records, are relevant in determining the reasonableness of Plaintiffs' requested fees."); *Almanza v. Barr*, No. 3:15-CV-389-TAV-HBG, 2019 WL 2062505, at *3–4 (E.D. Tenn. May 9, 2019) (denying motion to re-open discovery after concluding defendant's billing records were not relevant to addressing her

6

objections to fee petition, which related to hourly rates applied, duplication of work, excessive legal research costs, the appropriateness of an across-the-board reduction, and general excessiveness arguments); *Hawkins v. Ctr. for Spinal Surgery*, No. 3:12-CV-01125, 2017 WL 6389679, at *2 (M.D. Tenn. June 21, 2017) ("With respect to the requested hourly rates, the Court will use documents already in the record and fee awards in similar cases to evaluate the reasonableness of Plaintiff's request."); *Costa v. Sears Home Improv. Prod., Inc.*, 178 F. Supp. 3d 108, 113 (W.D.N.Y. 2016) ("Plaintiff's fee application can be appropriately evaluated by this Court based on its knowledge of the case, its own experience, and the type of detail in the billing records provided by Plaintiff."); *Romag Fasteners, Inc. v. Fossil, Inc.*, No. 3:10cv1827 (JBA), 2014 WL 7003896, at *3 (D. Conn. Dec. 10, 2014) ("Contrary to Plaintiff's claim, the Court's inquiry into the prevailing rate in the relevant community is not likely to be assisted by the production of opposing counsel's rates in this case."); *Marks Const. Co. v. Huntington Nat'l Bank*, No. 1:05-CV-73, 2010 WL 1836785, at *2 (N.D. W.Va. May 5, 2010) (quashing subpoena for defendant's billing records after court "found no case where the Court undertook discovery of the losing party's fees as part of its determination whether to award the successful party attorneys['] fees and if so how much"); *Clawson v. Mountain Coal Co., LLC*, No. 01–cv–02199, 2007 WL 2175154, at *2 (D. Colo. July 26, 2007) (denying motion to permit discovery into opposing counsel's billing records and holding "whether Plaintiff may seek the current hourly rates of counsel for all hours expended over the past several years is governed by Tenth Circuit law, not Defendants' billing records"); *Samuel v. Univ. of Pittsburgh*, 80 F.R.D. 293, 295 (W.D. Pa. 1978) (holding "the hourly demands and paper work of a defense attorney far exceed the requirements of plaintiff's counsel"). Thus, although Plaintiffs' counsel have cited a handful of other courts that have permitted such discovery, there are plainly many others that have not, in recognition that "[a] request for attorney's fees should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

Even the out-of-circuit *Henson* case upon which Plaintiffs rely so heavily, *see* ECF No. 305, PAGEID#12116 (citing *Henson*, 770 F.2d at 1574–75), is not to the contrary. In fact, far from holding that this discovery should always be permitted, the court in *Henson* noted it had repeatedly "questioned" whether the opposing party's billing records were relevant at all, as the "nature of the work on each side may differ dramatically," and "the case may have far greater precedential value for one side than the other." 770 F.2d at 1574. As another court rejecting similar arguments concerning *Henson* explained, "*Henson* does not stand for the proposition that a court *must* allow discovery as to an opposing party's billing records when such party objects to fees requested by a prevailing party. Rather, *Henson* allowed the discovery sought only after it explicitly recognized that discovery of those records was inappropriate in many situations, since an opposing party's billing entries would have little probative value." *Klein v. Law Offices of D. Scott Carruthers*, No. C15–00490 CRB, 2015 WL 3626946, at *5 (N.D. Cal. June 10, 2015).

For the reasons explained *supra*, the facts of this case and law of this district make it especially inappropriate to use Fifth Third's billing records as a benchmark for an appropriate fee award. The number of billing attorneys, as well as their rates, will not assist this Court's review of Plaintiffs' petition, which can be "appropriately evaluated by this Court based on its knowledge of the case, its own experience, and the type of detail in the billing records provided by Plaintiff[s]." *Costa*, 178 F. Supp. 3d at 113.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion.

Dated: May 28, 2024

Respectfully submitted,

/s/ *Enu A. Mainigi*
Enu A. Mainigi (*pro hac vice*)
Craig D. Singer (*pro hac vice*)
Steven M. Pyser (*pro hac vice*)
Amy B. McKinlay (*pro hac vice*)

8

WILLIAMS & CONNOLLY LLP
680 Maine Avenue S.W.
Washington, DC 20024
Tel. (202) 434-5000
Fax (202) 434-5029
Email:  emainigi@wc.com
       csinger@wc.com
       spyser@wc.com
       amckinlay@wc.com

Karl Fanter (0075686)
Dante A. Marinucci (0089402)
BAKER & HOSTETLER LLP
127 Public Square, Suite 2000
Cleveland, OH 44114
Tel. (216) 621-0200
Fax (216) 696-0740
Email:  kfanter@bakerlaw.com
       dmarinucci@bakerlaw.com

*Attorneys for Fifth Third Bank*

## CERTIFICATE OF SERVICE

On May 28, 2024, a copy of the foregoing was filed via the Court's Electronic Filing System. Copies will be served upon counsel of record by, and may be obtained through, the Court's CM/ECF Systems.

Respectfully submitted,

/s/ *Enu A. Mainigi*
Enu A. Mainigi
