**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| In re: Fifth Third Early Access Cash Advance Litigation | ) CASE NO. 1:12-CV-00851-MRB <br> ) <br> ) HON. MICHAEL R. BARRETT <br> ) <br> ) <br> ) |

**PLAINTIFFS' REPLY MOTION TO REOPEN DISCOVERY FOR THE LIMITED PURPOSE OF DETERMING PLAINTIFFS' CLAIM FOR ATTORNEYS' FEES AND TO COMPEL DEFENDANT'S ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES AS TO PLAINTIFFS' CLAIM FOR ATTORNEYS' FEES**

Throughout its opposition to Plaintiffs' motion, Defendant Fifth Third ignores what this Court stated in the February 26, 2024 Status Conference: while a defendant's hourly rates are not always relevant in determining a reasonable hourly rate in an attorneys' fee award, they are when the defendant opposes the plaintiff's requested rates as excessive. Here, Fifth Third is adamant that the rates Class Counsel are seeking are excessive. In such instances, courts routinely allow for the discovery of the losing party's rates. Thus, the Court should follow its own suggestion from the February 26, 2024 Status Conference and order Fifth Third to respond to Plaintiffs' three interrogatories.

Instead of addressing the narrow discovery dispute, Fifth Third uses the majority of its brief to peddle the Rubin Committee rates, leaving the argument on discoverability to the end of their brief. Plaintiffs will respond to Fifth Third's three contentions in reverse order to start with the actual issue before the Court in Plaintiffs' motion.

    **A.**    **Fifth Third's hourly rates are relevant, based on Fifth Third's opposition to Plaintiffs' requested rates.**

Fifth Third suggests that discovery on the rates it paid is wholly improper, but this is incorrect, as it overlooks that what is discoverable in attorneys' fee disputes depends on the context of the

dispute. As numerous courts have recognized "[w]hether discovery is appropriate depends, in part, on the objections raised by the opponent to the fee petition going to the reasonableness of the fee petition. *Coalition to Save Our Children v. State Bd. of Educ. of State of Del.*, 143 F.R.D. 61, 64 (D. Del. 1992); *see also Pollard v. E.I DuPont Nemours & Co.*, No. 95-3010 M1V, 2004 784489, at *3 (W.D. Tenn. Feb. 24, 2004) ([t]he relevance of [defense] counsel's billing records is dependent on the nature of the objections [defendant] raised to [plaintiff]'s fee petition."). In *Coalition to Save Our Children*, the defendant objected to discovery on its rates, hours worked, and expenses, claiming it was irrelevant. The court disagreed, holding that the defendant's arguments about reasonableness and overlap of work made discovery on defendant's rate, hours, and expenses, relevant. *Id.* at 66. When a defendant contends that a plaintiff's attorney "charged grossly excessive fees" discovery on the defendant's fees is appropriate. *Serricchio v. Wachovia Securities, LLC*, 258 F.R.D. 43, 46 (D. Conn. 2009).

Indeed, a party "cannot have it both ways" in claiming that the prevailing counsel's requested rates are excessive while refusing to disclose its own rates. *Howe v. Hoffman-Curtis Partners, Ltd. LLP*, No. H-03-4298, 2007 WL 7086572, at *1 (S.D. Tex. Apr. 13, 2007). Here, Fifth Third is trying to have it both ways.

In fact, Fifth Third's own argument in its opposition shows how Fifth Third has put the rates it paid at issue. In its opposition, Fifth Third argued that "[i]t defies credulity why Plaintiffs think that Fifth Third was paying even close to the premium rates they now seek all the way back to 2012— when almost no one in the country was charging these rates, much less the Ohio-based firm that primarily litigated this case until 2019." Doc. 308 at PageID #: 12137. That is, Fifth Third argues that its rates are less than what Plaintiffs request here, while also contending that its own rates are irrelevant. When a party "use[s] their own hours and rates as yardsticks by which to assess the reasonableness of those sought by plaintiffs" discovery on a defendant's billing is relevant. *Mendez v. Radec Corp.*, 818 F.Supp.2d 667, 669 (W.D.N.Y. 2011).

Fifth Third makes much of the lack of Southern District authority on the issue while ignoring numerous other courts in the Sixth Circuit that—applying the same Sixth Circuit law on attorneys' fee recoveries—have ordered the discovery of a defendant's hourly rates. *See, e.g.*, *Falana v. Kent State Univ.*, No. 5:08 CV 720, 2012 WL 6084630, at *4-5 (N.D. Ohio Dec. 6, 2012) (ordering production of information and materials related to defendant's fees, because "[d]iscovery regarding defendants' attorney fees may provide information relevant to the Court in determining the reasonableness of plaintiff's attorney fee application, for example with respect to hours expended and hourly rate"); *Davis v. Fidelity Techs. Corp.*, 180 F.R.D. 329, 331-32 (W.D. Tenn. 1998) (ordering production of redacted billing statements to allow plaintiff to respond to argument that its fee request included unnecessary and excessive charges); *Monroe v. FTS USA, LLC*, No. 2:08-cv-2100, 2020 WL 13227389, at *8 (W.D.Tenn. 2020) (holding that defendants billing records were "a logical yardstick from which to determine the reasonableness of Plaintiffs' hourly rates," given "much of Defendants' objections focus on how Plaintiffs' rates exceed those found in the local market.") (citation omitted).

And try as it might to distinguish *Henson v. Columbus Bank & Trust Co.*, Fifth Third fails to do so. 770 F.2d 1566 (11th Cir. 1985). In *Henson*, the Eleventh Circuit held that it was reversible error to refuse the prevailing plaintiff discovery on the defendant's rates when the defendant vigorously contested the rates plaintiff's counsel sought. *Id.* at 1574-75. In spite of this holding, Fifth Third quibbles over *dicta* suggesting that defendant's billing rates may have little probative value. Doc. 308 at PageID #: 12143. Yet Fifth Third's recitation of that *dicta* ignores the holding that the billing records still had to be produced. And here, Plaintiffs are not seeking voluminous records of every billing entry Fifth Third made—which is what the *dicta* Fifth Third relies on addressed. Instead, Plaintiffs seek the rates of the attorneys, not detailed time records. And of course, the rates Fifth Third paid its attorneys

3

to litigate this case is probative of what the attorneys litigating against Fifth Third merit as compensation for their victory.[1]

And so, because Fifth Third has taken issue with Plaintiffs' use of the Adjusted Laffey Matrix, it must now produce its rates.

> **B.   Fifth Third cannot support its claim that the hourly rates for its attorneys are irrelevant because the case also involves a breach of contract claim.**

Although Fifth Third contends that the rates it paid its attorneys are irrelevant because they were driven by the breach of contract claim, it offers no actual support for that proposition. Instead, Fifth Third restates the chronology of the litigation and points out that it made a universal settlement offer on all claims from nearly a decade ago. But at no point does Fifth Third provide any legal authority for its argument that the rates it billed its attorneys are irrelevant due to there being multiple claims in the case.[2]

This motion is about whether the rates Fifth Third paid its attorneys are discoverable. Fifth Third's arguments about settlement offers and whether the breach of contract claim was distinct from the TILA claim are irrelevant to the issue before the Court. Rather than improperly addressing these issues in a motion to reopen and compel discovery, Plaintiffs will address those arguments in the briefing on Plaintiffs' fee motion—where they belong.

---

[1] Fifth Third also suggests that it does not know the rates it paid its local counsel from prior to 2017. That does not impede Plaintiffs' discovery requests. After all, the issue in dispute, according to Fifth Third, is what the reasonable rate for representation in the Southern District of Ohio is, not other jurisdictions. The billing information Fifth Third paid to Baker & Hostetler and Williams & Connolly, for the work they performed while the case was pending in the Southern District, will be sufficient.

[2] Nor does Fifth Third provide any support for the proposition that an attorney litigating a breach of contract claim deserves a higher hourly rate than an attorney litigating a claim under the Truth in Lending Act.

### C. The Rubin Committee rates are not dispositive—as this Court already told Fifth Third.

Again, Fifth Third attempts to sidestep the actual issue in dispute in this motion by making a blanket claim that the Rubin Committee rates must apply, but this ignores well-settled Southern District law.

Indeed, the Rubin Committee rates are only the presumptive rates for "non-profit counsel." *Doe v. Ohio*, No. 2:91-CV- 00464, 2020 WL 728276 (S.D. Ohio Feb. 12, 2020) (McCann King, J.), *report and recommendation adopted*, No. 2:91-CV-464, 2020 WL 996561 (S.D. Ohio Mar. 2, 2020) (Watson, J.) The *Doe* Court explained that the genesis of the Rubin Committee rates was "to avoid litigation over the appropriate 'market rate' for non-profit counsel." *Id.* at 10. This is precisely what the Court told the parties during the February 26, 2024 Status Conference. Fifth Third has ignored that admonition, however.[3]

Fifth Third also ignores Sixth Circuit law holding that "[a] district court has broad discretion to determine what constitutes a reasonable hourly rate for an attorney … ." *Fuhr v. School Dist. of City of Hazel Park*, 364 F.3d 753, 762 (6th Cir. 2004) (rejecting argument that hourly rates awarded by district court were excessive). Indeed, in a 2014 decision, Judge Beckwith rejected a defendant's argument to use the Rubin Committee rates as a cap, holding that "[t]his Court has not mechanically applied the Rubin rates in prior cases, and does not agree that they should serve as a 'cap' on hourly rates here." *Shumacher v. AK Steel Corp. Ret. Acc. Pension Plan*, 995 F.Supp. 835, 845 (S.D. Ohio 2014). This Court is not bound by the Rubin Committee rates. In many instances courts within this District deviate from the Rubin Committee rates. *Doe v. Ohio* is one such example. Similarly, in *Swapalease, Inc.*

---

[3] Fifth Third points to a footnote in *Doe* suggesting that non-profit counsel and private attorneys are entitled to the same rates; however, Fifth Third cites that quote out of context. In footnote six, the *Doe* Court was explaining that non-profit counsel, even though they do not normally charge clients for their services, are still entitled to fees when a statute permits a prevailing party to recover attorney's fees. 2020 WL 728276 at *10 n. 6. Fifth Third also overlooks the fact that, in *Doe*, the plaintiff requested that the court award non-profit counsel the Rubin Committee rates, while awarding the private counsel, who practiced outside Ohio, the Laffey rates they requested, which the court approved. *Id.* at *11 ("it was reasonable for Plaintiffs to value counsel's time according to the Rubin and Laffey rates.").

5

*v. Sublease Exchange.com, Inc.*, the Court approved higher rates, because the case dealt with a "highly-specialized field of practice." 1:07-CV-45, 2009 WL 1119591, at *5 (S.D. Ohio Apr. 27, 2009). Likewise, in *Ball v. Kasich*, the Court applied Rubin Committee rates for some counsel, while applying rates in excess of the Rubin Committee rates for other attorneys. *Ball v. Kasich*, No. 2:16-cv-282, 2020 WL 3050241, at *3 (S.D. Ohio Jun. 8, 2020). Thus, the Rubin Committee rates are not the mandate Fifth Third claims they are.

Plaintiffs will address why the Rubin Committee rates are not appropriate in this case in their reply to the fee motion, but that goes afield of the issue in this motion: whether the rates Fifth Third paid are discoverable. As Plaintiffs have demonstrated above, they are. The fact that courts "often refer to the Rubin Committee rates" does mean that they are the only rates the Court can apply.[4] *QSF Transportation, LLC v. Murphy*, No. 1:21-cv-770, 2023 WL 2785589, at *2 (S.D. Ohio Jan. 19, 2023). And given Fifth Third's balking at Plaintiffs' use of the Adjusted Laffey Matrix, it must now produce the rates it paid to its attorneys to aid the Court in determining a reasonable rate to award Class Counsel for its fees as a prevailing party on the TILA claims.

## Conclusion

For these reasons, Plaintiffs request the Court reopen discovery for the limited purpose of determining Plaintiffs' Motion for Attorneys' Fees, Costs, and Incentive Awards and to order that

---

[4] Fifth Third also suggested that the Sixth Circuit found that it was a reversible error when a district court did not apply the Rubin Committee rates. See ECF No. 304 at PageID #: 10827. In that case, *Linneman v. Vita-Mix Corporation*, the Sixth Circuit held that the district court erred when it awarded rates based only on affidavits from the attorneys on what their rates were. 970 F.3d 621, 630-31 (6th Cir. 2020). That is not the case here, as Plaintiffs have provided ample authority to show that the rates that they seek are, in fact, appropriate.

6

Defendant provide answers to Plaintiffs' First Set of Interrogatories as to Plaintiffs' Claim for Attorneys' Fees within ten (10) days of the order.

Dated:  June 10, 2024

                                                  Respectfully submitted,

*/s/ Kevin C. Hulick*
DENNIS R. LANSDOWNE (0026036)
STUART E. SCOTT (0064834)
KEVIN C. HULICK (0093921)
**SPANGENBERG SHIBLEY & LIBER LLP**
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH  44114
(216) 696-3232
(216) 696-3924 (FAX)
*dlansdowne@spanglaw.com*
*sscott@spanglaw.com*
*khulick@spanglaw.com*

JASON K. WHITTEMORE
**WAGNER, MCLAUGHLIN**
**& WHITTEMORE, PA**
601 Bayshore Boulevard, Suite 910
Tampa, FL  33606
(800) 360-6439
(813) 225-4010 (FAX)
*jason@wagnerlaw.com*

HASSAN A. ZAVAREEI
ANNA C. HAAC
SHANA KHADER
**TYCKO & ZAVAREEI LLP**
2000 Pennsylvania Avenue NW, Suite 1010
Washington, DC  20036
(202) 949-3783
*hzavareei@tzlegal.com*
*ahaac@tzlegal.com*
*skhader@tzlegal.com*

***Co-Lead Counsel for Plaintiffs and the Class***

**CERTIFICATE OF SERVICE**

On June 10, 2024, a true and correct copy of the foregoing was filed via the Court's Electronic Filing System. Copies will be served upon counsel of record by, and may be obtained, through the Court's CM/ECF Systems.

Respectfully submitted,

*/s/ Kevin C. Hulick*
DENNIS R. LANSDOWNE (0026036)
STUART E. SCOTT (0064834)
KEVIN C. HULICK (0093921)
**SPANGENBERG SHIBLEY & LIBER LLP**
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH  44114
(216) 696-3232
(216) 696-3924 (FAX)
*dlansdowne@spanglaw.com*
*sscott@spanglaw.com*
*khulick@spanglaw.com*

***Co-Lead Counsel for Plaintiffs and the Class***